

# Missouri Court of Appeals
## Southern District
### Division One

WILLARD SCHNURBUSCH and )
CAROL SCHNURBUSCH, )
                                   )
     Plaintiffs-Appellants, )
                                   )
vs. )      No. SD35385
                                   )
WEST PLAINS REGIONAL ANIMAL )     Filed January 22, 2019
SHELTER, )
                                   )
     Defendant-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF HOWELL COUNTY

#### Honorable Michael J. Ligons

<u>AFFIRMED</u>

Willard Schnurbusch and Carol Schnurbusch ("the Schnurbusches") appeal *pro se*[1] from the trial court's summary judgment in favor of West Plains Regional Animal Shelter ("the Shelter"). They raise eleven points on appeal, which either fail to present a cognizable basis upon which to reverse the trial court's judgment or fail to demonstrate reversible error. Because the trial court's judgment is presumed correct and the Schnurbusches failed in their burden to

---

[1] This is not the Schnurbusches' first appeal before this court. As such, they should know already that "[p]ro se appellants are held to the same standards as are attorneys." ***Kieffer v. Gianino***, 301 S.W.3d 119, 121 (Mo. App. 2010).

1

demonstrate otherwise, *see **Ford Motor Credit Co. LLC v. Harris***, 386 S.W.3d 864, 866 (Mo.App. 2012), we affirm.[2]

## Background[3]

In 2006, the Schnurbusches and Schnurbusch Land Services, Inc., filed a four-count petition against the City of West Plains ("the City") and the Shelter in Case No. 09PU-CV00849. Count I of the petition alleged that the Shelter was violating the City's zoning laws, and that the City was failing to enforce the zoning laws against the Shelter; Count II alleged that the Shelter was causing a nuisance to the Schnurbusches; Count III requested the court declare the validity of "amended zoning ordinance No. 4080"; and Count IV alleged that the City failed to enforce its municipal code and ordinances against the Shelter, and requested punitive damages. Counts II and IV were dismissed by the trial court. Following trial on Counts I and III, the trial court entered its judgment in favor of the City and the Shelter on both counts.

The Schnurbusches appealed the trial court's judgment, and this court affirmed the judgment by a memorandum decision. *See **Schnurbusch v. City of West Plains, Missouri***, SD31107 (Mo.App. Jan. 23, 2012) ("***Schnurbusch I***").

On January 17, 2012, the Schnurbusches filed a *pro se* four-count petition against the Shelter in Case No. 12AL-CC00006. The petition contained similar allegations to those in ***Schnurbusch I***.

In their responsive pleadings, the Shelter counterclaimed against the Schnurbusches, accusing them of, *inter alia*, malicious prosecution for the filing and prosecution of

---

[2] The Shelter filed a motion to dismiss the Schnurbusches' appeal, citing various Rule 84.04 briefing violations concerning the Schnurbusches' points relied on. We generally agree with the Shelter that the Schnurbusches' points relied on run afoul of Rule 84.04 in several respects, some of which we address in greater detail, *infra*. However, to the extent we possibly can discern the Schnurbusches' arguments, we will do so *ex gratia*. The Shelter's motion to dismiss is denied. All rule references are to Missouri Court Rules 2018.

[3] Portions of the background section of this opinion are adopted from ***Schnurbusch v. West Plains Reg'l Animal Shelter***, 507 S.W.3d 675 (Mo.App. 2017), without further attribution.

2

*Schnurbusch I* (Count I) and for the filing and pursuit of the instant action (Count II). The Shelter also filed a motion to dismiss the Schnurbusches' petition, arguing that the petition "fail[ed] to state a claim in that said suit violates the doctrine of res judicata, the rule against splitting causes of action[,] and collateral estoppel[.]" The trial court granted the motion to dismiss, and the case then proceeded on the Shelter's counterclaims. Ultimately, the trial court granted summary judgment in favor of the Shelter on Counts I and II, assessing damages of $45,112.50 and $15,268.75, respectively.

The Schnurbusches appealed. In *Schnurbusch v. West Plains Reg'l Animal Shelter*, 507 S.W.3d 675 (Mo.App. 2017) ("*Schnurbusch II*"), this court concluded that, because of its reliance on extrinsic materials, the Shelter's motion to dismiss should have been converted into a motion for summary judgment. Because the procedural strictures of Rule 74.04 had not been followed, we reversed and remanded the trial court's judgment dismissing the Schnurbusches' petition. The trial court's judgment was affirmed in all other respects.

On remand, both the Shelter and the Schnurbusches moved for summary judgment and filed statements of uncontroverted material facts. In its memorandum of law in support of its motion, the Shelter argued that there is no genuine dispute of material fact that the Schnurbusches' claims in this case are the same as those in *Schnurbusch I* and that, as matter of law, the petition is barred by res judicata. The trial court agreed, granting the Shelter's motion for summary judgment, denying the Schnurbusches' motion for summary judgment, and entering judgment accordingly. The Schnurbusches timely appeal.

<u>Discussion</u>

*Applicable Principles of Review Regarding Rule 84.04 Violations*

The Schnurbusches' points relied on violate Rule 84.04 in multiple respects. We identify some of the more egregious violations on a point-by-point basis. To avoid any unnecessary

3

repetition, *infra*, we list at the outset of this discussion some relevant tenets regarding Rule 84.04's briefing requirements.

As the Eastern District of our court has observed,

Rule 84.04 provides the requirements for appellate briefs . . . . Compliance with the briefing requirements of Rule 84.04 is mandatory, and a brief that fails to comply with Rule 84.04 preserves nothing for appellate review. Compliance with the rule is required in order that the appellant may give notice to the party opponent of the precise matters which must be contended with and answered. Compliance is also mandatory so that unnecessary burdens are not imposed on the appellate court and to ensure that appellate courts do not become advocates for the appellant by speculating facts and arguments that have not been made.

*Osthus v. Countrylane Woods II Homeowners Ass'n*, 389 S.W.3d 712, 714–15 (Mo.App. 2012) (internal citations and quotation marks omitted). "It is not the function of the appellate court to serve as advocate for any party to an appeal." *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978). "As such, we have no duty to search the transcript or record to discover the facts which substantiate a point on appeal." *Wilson v. Carnahan*, 25 S.W.3d 664, 667 (Mo.App. 2000). "That is the duty of the parties, not the function of an appellate court." *Nell v. Fern–Thatcher Co.*, 952 S.W.2d 749, 755 (Mo.App. 1997).

### *Points One and Two*

Both the Schnurbusches' first and second points challenge the authority of individuals who acted on behalf of the Shelter during the course of the underlying legal proceedings. In numerical order, those two points contend as follows:

THE TRIAL COURT ERRED BY NOT REQUIRING WEST PLAINS REGIONAL ANIMAL SHELTER TO PROVIDE DOCUMENTATION IN CASE NO. 12AL-CC00006 THAT AUTHORIZED GEORGE CHRYSLER FISHER, JR. TO PRESENT AND/ OR FILE DOCUMENTS AND/ OR APPEAR AT HEARINGS ON BEHALF OF WEST PLAINS REGIONAL ANIMAL SHELTER FROM FEBRUARY 23, 2012 TO AUGUST 8, 2017, BECAUSE WEST PLAINS REGIONAL ANIMAL SHELTER IS A NOT FOR PROFIT CORPORATION, REQUIRED BY MISSOURI STATUTES 355.116 355.118 355.376 355.431 TO HAVE BYLAWS AND PER THE BYLAWS

4

ESTABLISHED FOR THE ENTITY, NO INDIVUDUAL IS ALLOWED TO ACT ON BEHALF OF THE ENTITY WITHOUT APPROVAL OF THE DIRECTORS OF WEST PLAINS REGIONAL ANIMAL SHELTER AND NO SUCH APPROVAL HAS BEEN PRESENTED DURING THE ENTIRE TIME OF CASE NO. 12AL - CC00006, FILED ON JANUARY 17, 2012, WAS BEING PROCESSED, THAT GEORGE CHRYSLER FISHER WAS OFFICIALLY AUTHORIZED BY DIRECTORS OF WEST PLAINS REGIONAL ANIMAL SHELTER TO ACT AS REPRESENATIVE OF THE ENTITY TO MAKE ANY RESPONSIVE PLEADING. THEREFORE LACKING A PROPERLY SUBMITTED RESPONSIVE PLEADING, THE TRIAL COURT LACKED PERSONAL JURISDICTION OVER WEST PLAINS REGIONAL ANIMAL SHELTER TO GRANT ANYTHING, AT ANY TIME, TO WEST PLAINS REGIONAL ANIMAL SHELTER.

\*\*\*

THE TRIAL COURT ERRED BY NOT REQUIRING WEST PLAINS REGIONAL ANIMAL SHELTER TO PROVIDE DOCUMENTATION FROM DIRECTORS DURING CASE NO. 12AL - CC00006 TO AUTHORIZE DENNIS HAMMEN TO SIGN, OR PREPARE, OR FILE DOCUEMENTS ON BEHALF OF WEST PLAINS REGIONAL ANIMAL SHELTER FROM FEBRUARY 24, 2012 TO NOVEMBER 2, 2015. LACKING ANY DOCUMENTATION THAT DENNIS HAMMEN WAS APPROVED, OR AUTHORIZED BY OFFICERS AND DIRECTORS OF WEST PLAINS REGIONAL ANIMAL SHELTER IN ANY METHOD, TO ACT AS REPRESENATIVE OF THE ENTITY IN ANY DOCUMENT SIGNED BY DENNIS HAMMEN IN ANY NAMED CAPICITY, IT MUST BE DETERMINED THAT WEST PLAINS REGIONAL ANIMAL SHELTER LACKED STANDING TO PRESENT ANY DOCUMENTS IN CASE NO. 12AL - CC00006.

Both of these points fail because they are barred by the law-of-the-case doctrine.

As explained by our supreme court,

The doctrine of law of the case provides that a previous holding in a case constitutes the law of the case and preludes relitigation of the issue on remand and subsequent appeal. *State v. Graham*, 13 S.W.3d 290, 293 (Mo. banc 2000); *Rodriguez v. Suzuki Motor Corp.*, 996 S.W.2d 47, 61 (Mo. banc 1999). The doctrine governs successive adjudications involving the same issues and facts. *Shahan v. Shahan*, 988 S.W.2d 529, 533 (Mo. banc 1999). Generally, the decision of a court is the law of the case for all points presented and decided, as well as for matters that arose prior to the first adjudication and might have been raised but were not. *Graham*, 13 S.W.3d at 293; *Shahan*, 988 S.W.2d at 533.

5

***Walton v. City of Berkeley***, 223 S.W.3d 126, 128–29 (Mo. banc 2007).[4]

Here, points 1 and 2 reference George Chrysler Fisher and Dennis Hammen, respectively, and challenge their involvement in this case going as far back as the filing of the Shelter's pleadings in 2012. The Shelter argues that the law-of-the-case doctrine applies to both of these claims because they were raised before and ultimately denied by this court in ***Schnurbusch II***. We need not address, however, whether these claims were raised in ***Schnurbusch II***. Even if we assume without deciding that these claims were *not* raised in ***Schnurbusch II***, the complained-of conduct was occurring before that appeal and, hence, the claims *could have* been raised in that appeal. In either event, the law-of-the-case doctrine precludes the Schnurbusches from asserting these issues in this appeal. *See **id.*** For these reasons, the Schnurbusches' first and second points are denied.[5]

### Points Three, Four, Five, Six, and Seven

*Standard of Review and Applicable Legal Principles Related to Summary Judgment*

Our review of a trial court's grant of summary judgment is essentially *de novo*, and we view the record in the light most favorable to the party against whom judgment was entered. ***ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.***, 854 S.W.2d 371, 376 (Mo. banc 1993).

---

[4] In ***Walton***, our supreme court further recognized the following exceptions, none of which are raised by the Schnurbusches on appeal:

> The doctrine of law of the case, however, is not absolute. Rather, the doctrine is a rule of policy and convenience; a concept that involves discretion. An appellate court has discretion to refuse to apply the doctrine where the first decision was based on a mistaken fact or resulted in manifest injustice or where a change in the law intervened between the appeals. Additionally, where the issues or evidence on remand are substantially different from those vital to the first adjudication and judgment, the rule may not apply.

223 S.W.3d at 130 (internal citations omitted).

[5] Moreover, the Schnurbusches have also failed to demonstrate that they raised the above claims before the trial court and, therefore, have failed to preserve them for appellate review. *See* section 512.160.1; Rule 84.13.

6

As the defending party to the claims in the Schnurbusches' petition, summary judgment is established where the Shelter shows:

> (1) facts that negate *any* one of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defenses.

*Id.* at 381.

Once the Shelter has made "a prima facie showing that there are no genuine issues of material fact and that movant is entitled to judgment as a matter of law," the burden shifts to the Schnurbusches, the non-movants, to show that one or more of the material facts shown by the Shelter not to be in dispute, is actually genuinely disputed. *Id.* They "may not rest upon the allegations and denials of the pleadings, but rather must use affidavits, depositions, answers to interrogatories, or admissions on file to show the existence of a genuine issue for trial." ***Crow v. Crawford & Co.***, 259 S.W.3d 104, 113 (Mo.App. 2008).

*Point Three*

The Schnurbusches' third point contends:

> THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT THAT APPEARS TO BE BASED ON THE THEORY OF RES JUDICATA OR CLAIMS SPLITTING IN THAT DEFENDANT / RESPONDENT DID NOT PROPERLY PLEAD ANY AFFIRMATIVE DEFENSE ( S) ( SPECIFICALLY <u>RES JUDICATA OR CLAIMS SPLITTING</u> ) BY NOT ACTUALLY NAMEING SAID AFFIRMATIVE DEFENSES AND BY NOT STATING FACTS IN SUPPORT TO ALLOW SUCH CLAIMS STATED IN A MOTION FOR SUMMARY JUDGMENT AND ALSO DEFENDANT / RESPONDENT DID NOT SHOW THAT THE MOVANTS HAD A RIGHT TO JUDGMENT AS A MATTER OF LAW SUFFICIENT TO ALLOW THE COURT TO GRANT THE MOTION IN FAVOR OF THE MOVANTS[.]

This point does not take issue with any material fact raised by the Shelter's motion for summary judgment. The crux of the point, rather, is whether, as a matter of law, the Shelter's pleading was sufficient to raise, i.e., properly plead, the affirmative defense of res judicata.

"Res judicata is an affirmative defense" *Patrick V. Koepke Constr., Inc. v. Woodsage Constr. Co.*, 119 S.W.3d 551, 555 (Mo.App. 2003); *see also* Rule 55.08. It "operates as a bar to the reassertion of a cause of action that has been previously adjudicated in a proceeding between the same parties or those in privity with them." *Lauber–Clayton, L.L.C. v. Novus Props. Co.*, 407 S.W.3d 612, 618 (Mo.App. 2013).

"In pleading to a preceding pleading, a party shall set forth all applicable affirmative defenses and avoidances[.]" Rule 55.08. "A pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." *Id.*

Here, as acknowledged and conceded by the Schnurbusches in their argument, the Shelter's responsive pleadings included the following language in response to each of the Schnurbusches' claims:

> By way of further answer, Defendant affirmatively asserts pursuant to Rule 55.06 that Plaintiffs have failed to state a claim upon which relief may be granted in that Plaintiffs' claims either have been or could have been finally adjudicated in the case styled *Schnurbusch, et al. v. City of West Plains and West Plains Regional Animal Shelter*, Case No. 09PU-CV00849 (Pulaski County), appeal denied by written memorandum in Appeal No. SD31107 with mandate filed January 20, 2012.

This language, the Schnurbusches assert, violates Rule 55.08 and, therefore, is not a properly pleaded defense because (1) it does not explicitly refer to the defense of "res judicata" and (2) it does not include "a short and plain statement of the facts" that support res judicata. Both arguments are without merit.

8

The Schnurbusches' first argument fails because they cite us to no legal authority, and we are aware of none, supporting their assertion that the words "res judicata" must be used in a pleading in order to properly invoke the claim preclusion defense.

Their second argument fails because it is refuted by the record. As noted above, the Shelter alleged in response to each particular claim contained in each count of the Schnurbusches' petition that the particular claim asserted in that count was or could have been adjudicated in *Schnurbusch I*. This is a short and plain allegation *of facts* that corresponds with the legal definition of res judicata, in that it alleges that the particular cause of action asserted in that count had been previously adjudicated in a specifically identified prior proceeding between the same parties. *See **Lauber–Clayton, L.L.C.***, 407 S.W.3d at 618. The Shelter's responsive pleading alleged sufficient facts to raise and, therefore, properly plead the affirmative defense of res judicata.[6] The Schnurbusches' third point is denied.

*Points Four, Five, Six, and Seven*

We address the Schnurbusches' fourth, fifth, sixth, and seventh points together, which, in numerical order, contend as follows:

> THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT THAT <u>APPEARS TO BE BASED ON THE THEORY OF RES JUDICATA OR CLAIMS SPLITTING</u> IN THAT IN THERE WAS NOT ANY ISSUE INVOLVING WEST PLAINS REGIONAL ANIMAL SHELTER MADE FINAL OR ADJUDICATED IN CASE 09PU - CV00849 IN THE PULASKI COUNTY CIRCUIT COURT AND WITHOUT ANY PRIOR ADJUDICATION, THERE CANNOT BE ANY RES JUDICATA OR CLAIMS SPLITTING RECORD TO REFER TO IN CASE NO. 12AL - CC00006.

> \*\*\*

> THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT THAT <u>APPEARS TO BE BASED ON THE THEORY OF RES</u>

---

[6] If these pleaded facts lacked sufficient definiteness or particularity to enable the Schnurbusches to prepare generally for trial, they could have filed a Rule 55.27(d) motion for a more definite statement. Nothing in the record on appeal indicates that the Schnurbusches filed such a motion.

9

JUDICATA OR CLAIMS SPLITTING IN THAT THERE WAS NOT ANY ISSUE INVOLVING WEST PLAINS REGIONAL ANIMAL SHELTER MADE FINAL OR ADJUDICATED IN CASE 09PU – CV00849 IN THE PULASKI COUNTY CIRCUIT COURT BECAUSE ALL ISSUES PERTAINING TO WEST PLAINS REGIONAL ANIMAL SHELTER WERE DISMISSED WITHOUT PREJUDICE AND THEREFORE NOTHING WAS ADJUDICATED.

\*\*\*

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT THAT <u>APPEARS TO BE BASED ON THE THEORY OF RES JUDICATA OR CLAIMS SPLITTING</u>, IF ANY RELIANCE WAS GIVEN BY THE TRIAL COURT TO A DOCUMENT TITLED FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT DATED DECEMBER 9, 2010 IN CASE 09PU - CV00849 IN THE PULASKI COUNTY CIRCUIT COURT, BECAUSE MANY OF THE FACTS CITED IN A DOCUMENT TITLED FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT DATED DECEMBER 9, 2010 IN CASE 09PU-CV00849 IN THE PULASKI COUNTY CIRCUIT COURT <u>ARE NOT SUPPORTED</u> BY VARIOUS RECORDS FROM CASE O9PU - CV00849 AND INACCURACIES REGARDING ISSUES PERTAINING TO WEST PLAINS REGIONAL ANIMAL SHELTER CANNOT SUPPORT ANY CLAIMS OF ANY PRIOR ADJUDICATION BASED ON THE DECEMBER 9, 2010 DOCUMENT TITLED FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT.

\*\*\*

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT THAT <u>APPEARS TO BE BASED ON THE THEORY OF RES JUDICATA OR CLAIMS SPLITTING</u>, BECAUSE THE PETITION IN CASE NO. 12AL-CC00006 AND FILED ON JANUARY 17, 2012 WAS BASED ENTIRELY ON TEMPORARY OR ABATABLE CONDITIONS WHICH CONTINUE ON AN ONGOING BASIS, MEANING THE ACTS, ACTIONS, OR EVENTS CONTINUE BY THE MINUTE, HOUR, DAILY AND WEEKLY AS LONG AS THAT SAME ACTIVITY OR EVENT CONTINUES TO CONSTANTLY OCCUR THEREFORE <u>RES JUDICATA OR CLAIMS SPLITTING</u> COULD NOT AND CANNOT APPLY TO A TEMPORARY OR ABATABLE ACT, OR ACTION, OR EVENT.  [AB 28, 36-37, 58-59, 64].

These four points fail as they, and their supporting arguments, do not conform to the procedural requirements of Rule 74.04.

As this court has explained, the procedural requirements of Rule 74.04 involve the following analytical sequence:

10

- A motion for summary judgment *shall* include a statement of uncontroverted material facts, which "'*shall* state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts' and a copy of those supporting documents *shall* be attached to the statement." **Great Southern Bank v. Blue Chalk Constr., LLC**, 497 S.W.3d 825, 833 (Mo.App. 2016) (quoting Rule 74.04(c)(1)).

- The non-movant *shall* serve a response, which "*shall* set forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements"; the denials "*shall* [be supported by] specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial"; "[a]ttached to the response *shall* be a copy of all discovery, exhibits or affidavits on which the response relies"; and "*may* also set forth additional material facts that remain in dispute, which shall be presented in consecutively numbered paragraphs and supported in the manner prescribed by Rule 74.04(c)(1)." **Id.** (quoting Rule 74.04(c)(2)) (internal quotations marks omitted).

- "Once a trial court determines that the movant's Rule 74.04(c)(1) motion for summary judgment demonstrates a prima facie showing of movant's right to judgment,[] the trial court then, and only then, turns to the non-movant's denials in the non-movant's Rule 74.04(c)(2) response to determine if the non-movant has demonstrated that 'one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed.'" **Id.** at 833–34 (quoting *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381). "For each material fact the non-movant claims is genuinely disputed and therefore defeats the movant's prima facie showing of a right to judgment, the non-movant must direct the trial court to a particular numbered paragraph in movant's statement of uncontroverted material facts that is denied in the non-movant's response." **Id.** at 834. *Only then* does the trial court turn to the movant's and non-movant's specific references to the attached pleadings, discovery, exhibits or affidavits. **Id.** (citing Rule 74.04(c)(1)–(2).

When a summary judgment is appealed, "[o]ur *de novo* standard of review means that we look at the summary judgment issues presented on appeal as the trial court should have initially under Rule 74.04, and we give no deference to the trial court's ruling." **Id.** "Therefore, a relevant, cogent, and logical argument on appeal that a genuine issue exists as to a particular material fact *must necessarily track the Rule 74.04 requirements*[.]" **Id.** (emphasis added).

11

The Schnurbusches' fourth, fifth, sixth, and seventh points purport to challenge the evidentiary support for the Shelter's stated material facts based upon the Schnurbusches' denials. Because that issue does not arise in a Rule 74.04 analysis unless and until the Shelter has made a prima facie showing of a right to judgment, *id.* at 833–34, all four of the Schnurbusches' points necessarily implicitly presuppose that, based upon the Shelter's stated material facts, it made a prima facie showing of a right to summary judgment as a defending party based upon the defense of res judicata.[7] In other words, the Schnurbusches' are *generally* claiming that genuine disputes exist as to some of those material facts. They fail, however, to demonstrate a genuine dispute of any *particular* material fact under the procedural strictures of Rule 74.04, in that their points and supporting arguments "are totally devoid of any reference to or mention of any particular numbered paragraph material fact in the summary judgment record that they denied in their response and that they now claim is genuinely at issue." *Id.* at 834. Instead, the Schnurbusches' citations to the record tend to be to *exhibits* attached to the Shelter's statement of uncontroverted material facts and, on occasions, even completely outside of the summary judgment record to the legal file from *Schnurbusch I*.

Moreover, any citations that might be construed as identifying relevant summary judgment numbered paragraph responses are too broad to facilitate meaningful review. For example, in the argument section under point six, the Schnurbusches cite to 136 pages of the legal file that contain, among other materials, all of their responses to the Shelter's material facts numbered paragraphs. The Schnurbusches then purport to place upon this court the onus of seining these pages in the summary judgment record for relevant information, stating that it is

---

[7] Other than in their third point, which we have denied, *supra*, the Schnurbusches do not further challenge the Shelter's prima facie showing of a right to summary judgment. We need not further address this issue, therefore, because "'allegations of error not briefed ... shall not be considered in any civil appeal[.]'" ***Great Southern Bank***, 497 S.W.3d at 829 n.2 (quoting Rule 84.13(a)).

"available to be reviewed in complete detail and will not be repeated here as the content of [the summary judgment record] speaks for itself."

The Schnurbusches' reliance on material disconnected from specific numbered paragraph material facts in the summary judgment record render their arguments "analytically useless in an appellate review that requires this court to properly apply Rule 74.04." *Id.* at 835. As explained in *Great Southern Bank*,

> Our *de novo* review does not grant Appellants license to craft arguments on appeal free from the constraints of Rule 74.04. Rather, our *de novo* decision on appeal must be in accordance with all the requirements of Rule 74.04 and, therefore, must be made in the very same manner the trial court should have applied that rule in the first instance. Comparing the movant's specifically referenced evidence in a particular numbered paragraph material fact to the specifically referenced evidence in the non-movant's denial of that particular material fact for the existence of a genuine issue, as contemplated and required under Rule 74.04, assures that the appellate court is deciding the same issue as presented to and decided by the trial court. For an appellate court to do otherwise, as urged by Appellants here, would decide the appeal on a basis that was not necessarily presented to or considered and decided by the trial court and would not be appropriate. *See In re Estate of L.G.T.*, 442 S.W.3d 96, 108 (Mo.App.2014) (an issue which is not presented or expressly decided by a trial court is not preserved for appellate review).

*Id.* at 836.

Here, the Schnurbusches have failed to demonstrate a genuine issue as to any particular numbered paragraph material fact in the Rule 74.04(c) summary judgment record. Accordingly, they have failed to demonstrate any basis for us to conclude that the trial court erroneously granted summary judgment. The Schnurbusches' fourth, fifth, sixth, and seventh points are denied.

### Point Eight

The Schnurbusches' eighth point contends:

THE TRIAL COURT ERRED BY DENYING THE CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT II, PREPARED AND FILED ON MARCH 17, 2017 BY THE PLAINTIFFS IN CASE 12AL-

13

CC00006- 01 WILLARD SCHNURBUSCH AND CAROL SCHNURBUSCH, AS HUSBAND AND WIFE ONLY AND ACTING PRO SE, BECAUSE THE CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT WAS SUBMITTED IN TOTAL COMPLIANCE WITH SUPREME COURT RULE 74.04 PROCEDURES AND DID STATE SUFFICIENT UNCONTROVERED MATERIAL FACTS WHICH WERE NOT PROPERLY RESPONDED TO PER THE REQUIRED PROCEDURES OF MISSOURI SUPREME COURT RULE 74.04, AND THE CROSS MOTION FOR SUMMARY JUDGMENT SHOWED THAT THE MOVANTS HAD A RIGHT TO JUDGMENT AS A MATTER OF LAW SUFFICIENT TO ALLOW THE COURT TO GRANT THE MOTION IN FAVOR OF THE MOVANTS.

The "[d]enial of a motion for summary judgment is not subject to appellate review, even when an appeal is taken from a final judgment and not from the denial of a motion for summary judgment." *State ex. rel. Mo. Div. of Transp. v. Sure–Way Transp., Inc.*, 884 S.W.2d 349, 351 (Mo.App. 1994).[8]  Accordingly, the Schnurbusches' eighth point is denied.

### *Point Nine*

The Schnurbusches' ninth point contends:

THE TRIAL COURT ERRED BY NOT GRANTING THE PLAINTIFFS IN CASE 12AL - CC00006, WILLARD SCHNURBUSCH AND CAROL SCHNURBUSCH, AS HUSBAND AND WIFE ONLY AND ACTING PRO SE, THEIR MOTION FOR LEAVE TO AMEND WHICH WAS FILED ON SEPTEMBER 28, 2015 AND THEIR MOTION FOR LEAVE TO AMEND WHICH WAS FILED ON FEBRUARY 22, 2017, EACH REQUESTING LEAVE TO AMEND THEIR JANUARY 17, 2012 PETITION EVEN THOUGH THERE WAS SUFFICIENT INFORMATION PRESENTED BY WAY OF EXHIBITS AND SUGGESTIONS ALONG WITH THE MOTION FOR LEAVE TO AMEND THE PETITION, TO SUPPORT THE CLAIM REGARDING THE AVAILABILITY OF NEW EVIDENCE OBTAINED AFTER THE JANUARY 17, 2012 PETITION WAS APPARENTLY DISMISSED BY ORDER OF OCTOBER 26, 2012. AND EVENTUAL Y REVERSED BY ORDER AND MANDATE OF THE SOUTHERN DISTRICT OF THE MISSOURI COURT OF APPEALS ON JANAUARY 20, 2017 AND FEBRUARY 7, 2017[.]

---

[8] In rare circumstances, "the denial of a party's motion for summary judgment can be reviewed when its merits are completely intertwined with a grant of summary judgment in favor of an opposing party." *Transatlantic Ltd. v. Salva*, 71 S.W.3d 670, 675–76 (Mo.App. 2002).  We need not consider this exception, however, because the Schnurbusches do not address it in any manner in their brief, much less assert its applicability.

14

This point identifies and challenges the trial court's denial of two separate motions by the Schnurbusches to amend their pleadings. In any event, the Schnurbusches then fail to explain or demonstrate why the trial court's denial of either motion amounted to an abuse of discretion. *See Tisch v. DST Sys., Inc.*, 368 S.W.3d 245, 257 (Mo.App. 2012) (stating that the decision to permit the amendment of a petition "is at the discretion of the trial court, and we will not disturb its decision 'absent an obvious and palpable abuse of discretion'") (quoting *Kenley v. J.E. Jones Constr. Co.*, 870 S.W.2d 494, 498 (Mo.App. 1994)). We cannot craft that argument on their behalf. *See Moreland v. Div. of Emp't Sec.*, 273 S.W.3d 39, 42 (Mo. App. 2008). Without any argument purporting to demonstrate how the trial court abused its discretion, the Schnurbusches cannot succeed on their claim that the denials of their motions to amend were erroneous. Their ninth point is denied.[9]

### Points Ten and Eleven

The Schnurbusches' tenth and eleventh points contend, in numerical order:

THE TRIAL COURT ERRED BY NEVER PROVIDING ANY RESPONSE TO THE REQUESTS FOR ACTION BY THE TRIAL COURT, PREPARED AND FILED ON FEBRUARY 17, 2017 AND JUNE 28, 2017 AND AUGUST 1, 2017 BY THE PLAINTIFFS/ APPELLANTS IN CASE 12AL- CC00006 - 01 WILLARD SCHNURBUSCH AND CAROL SCHNURBUSCH, AS HUSBAND AND WIFE ONLY AND ACTING PRO SE, REGARDING THE EXECUTION ON CHARGES AND COSTS GRANTED TO THE APPELLANTS IN APPEAL NO. SD 34345 BY THE MANDATE ISSUED FEBRUARY 7, 2017 BECAUSE THE PLAINTIFFS/ APPELLANTS HAVE BEEN FINANCIALLY BURDENED BY BEING DEPRIVED OF THE OPPORTUNITY TO RECOVER THE CHARGES AND COSTS ALLOWED BY THE MANDATE OF FEBURARY 7, 2017[.]

\*\*\*

---

[9] We note that this point also could be denied because it is multifarious and, therefore, preserves nothing for appellate review. *See Spence v. BNSF Ry. Co.*, 547 S.W.3d 769, 780 n.15 (Mo. banc 2018) (point relied on claiming the trial court erred at multiple separate times and in multiple separate ways is multifarious and preserves nothing for review). Moreover, at least one of the point's challenges—that regarding the September 28, 2015 motion—is barred by the law-of-the-case doctrine for the reasons discussed under points 1 and 2, *supra*.

THE TRIAL COURT ERRED BY NEVER PROVIDING ANY RESPONSE ( S ) TO THE TWO AFTER TRIAL MOTIONS MADE TO THE TRIAL COURT ON NOVEMBER 20, 2015 AND NOVEMBER 13, 2017 BECAUSE SUCH ACTION ( S ) BY THE TRIAL COURT DEPRIVES A LITIGANT OF AN OPPORTUNITY TO BE HEARD AND PASSES ON THE DUTY TO ADDRESS THE QUESTIONS OF ACCURACY AND CORRECTNESS OF DOCUMENTS, SUCH AS THE TWO JUDGMENTS FILED ON NOVEMBER 3, 2015 AND OCTOBER 17, 2017, TO A HIGHER COURT, AND PLACES THE BURDEN OF EFFORT AND EXPENSE INVOLVED IN PURSUING THE QUESTIONS ON THE PARTY WHO IS APPEALING THE DECISIONS OF THE CERTAIN COURT INVOLVED.

Both points relied on fail to conform to the mandates of Rule 84.04(d) and therefore preserve nothing for appellate review.

A point relied on shall "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1).

In each of these points, the Schnurbusches fail to sufficiently identify a trial court ruling or action that serves as the basis for each challenge, fail to state the legal reasons for their claim of reversible error, and give absolutely no explanation as to why, in the context of this case, any legal reason or reasons support their claim of reversible error. The argument sections in support of these points, likewise, are totally devoid of any supporting legal authority from which we could attempt to deduce the legal bases underlying the Schnurbusches' points. "A point relied on that fails to comply with Rule 84.04(d) preserves nothing for appeal." *Washington v. Blackburn*, 286 S.W.3d 818, 821 (Mo.App. 2009).

Moreover, even assuming, without deciding, that a trial court's "never providing any response" identifies "a trial court ruling or action" as required by Rule 84.04(d)(1)(A), each point, nevertheless, challenges multiple claims of error, i.e., multiple alleged failures to respond to multiple separate "requests for action" (point ten) and multiple alleged failures to respond to

16

multiple "after trial motions" (point eleven).  As such, both points are multifarious.  A multifarious point also does not comply with Rule 84.04(d) and fails to preserve anything for review.  *Spence*, 547 S.W.3d at 780 n.15; *Matter of Wilma G. James Trust*, 487 S.W.3d 37, 52 (Mo.App. 2016).

 Accordingly, points ten and eleven are denied.[10]

## Decision

 The trial court's judgment is affirmed.


GARY W. LYNCH, J. – OPINION AUTHOR

DON E. BURRELL, JR., P.J. – concurs

NANCY STEFFEN RAHMEYER, J. – concurs

---

[10] The law-of-the-case doctrine also bars some or all of the issues raised in point 11 for the reasons discussed under points 1, 2, and 9, *supra*.

17