

# Missouri Court of Appeals
## Southern District

### In Division

TERRY BRACKNEY, AS PERSONAL ) 
REPRESENTATIVE OF THE ESTATE )
OF RENATE MACK, )
)
    Respondent, )
v. )    No. SD37733
)    Filed: June 14, 2023
ROBERT WALKER and NANCY )
WALKER, CRYSTAL HOUSE and )
NATHANIEL HOUSE, )
)
    Appellants, )
)
CENTURY BANK OF THE OZARKS, and )
DIRECTOR, DEPARTMENT OF )
REVENUE, STATE OF MISSOURI, )
)
    Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF OZARK COUNTY

Honorable R. Craig Carter, Circuit Judge

### **<u>AFFIRMED</u>**

The trial court quieted title in favor of Terry Brackney (Brackney), as a domiciliary

foreign personal representative (DFPR) of the estate of Renate Mack (Mack); and against

Mack's son-in-law, Robert Walker, and his wife Nancy (Walkers); and their granddaughter,

Crystal, and her husband, Nathaniel House (Houses); hereinafter collectively referred to as

Appellants.  On appeal, Appellants present five points, none of which have merit.  For the reasons that follow, we affirm.

**Factual and Procedural Background**

This is the second appeal in this case.  *See **Brackney v. Walker***, 629 S.W.3d 834 (Mo. App. 2021) (***Brackney 1***).  Because the facts and procedural history are detailed in ***Brackney 1***, we recount only those facts relevant to the issues raised in this second appeal.

Mack was the record title holder of the real property at issue in Ozark County, Missouri (the Property).  Mack moved to Florida and rented the Property to the Houses.  Mack died on May 17, 2014.  After her death, the Houses stopped paying rent, but they continued living on the Property.  In July 2014, the Walkers filed suit for adverse possession and quiet title against the unknown heirs of Mack.  The Walkers initially obtained a default judgment on their claims and then purportedly sold the Property to the Houses.  Upon learning of the default judgment, however, Brackney moved to set it aside.  His motion was granted by the trial court via order entered on June 12, 2018 (the 2018 order).

Thereafter, Brackney filed a counterclaim to, *inter alia*, quiet title to the Property in Mack's estate.  A bench trial was held on the Walkers' claims and Brackney's counterclaim. The trial court denied the Walkers' claims for adverse possession and quiet title based on the evidence presented.  The court also denied Brackney's counterclaim for quiet title based on an untimely filing of his action.  The trial court's rationale was that the quiet-title action was subject to a one-year statute of limitations for admitting a will to probate.  In ***Brackney 1***, we reversed that ruling.  We decided that Brackney's counterclaim was timely filed within the ten-year statute of limitations applicable to quiet-title actions.  *Id*. at 839 n.10; § 516.010.[1]  We also

---

[1]  All statutory references are to RSMo (2016).

remanded the cause with directions for further proceedings. ***Brackney 1***, 629 S.W.3d at 843.

Our mandate stated:

> [T]he judgment rendered by the Circuit Court of Ozark County … is reversed as to the denial of [Brackney's] counterclaim for quiet title, and the cause is remanded to the circuit court for further proceedings on that claim, consistent with the opinion of the court herein delivered. In all other respects, the judgment is affirmed.

On remand, consistent with our mandate, the trial court initially found that Brackney, as DFPR of Mack's estate, "has standing to pursue his counterclaim for quiet title" and that "said counterclaim was timely filed within the ten-year statute of limitations period" pursuant to § 516.010.[2] In addition to Brackney's counterclaim, the court identified the Houses' affirmative defense of bona fide purchasers as the only other issue that remained to be decided.[3] The court then found: (1) "Mack was the sole title holder at the time of her death"; and (2) Brackney's counterclaim for quiet title on behalf of Mack's estate is "superior to all other claimants[.]" As for the Houses' affirmative defense, the court found that the "Houses are not bona fide purchasers because they: [1] knew or should have known of the defects of the title under the circumstances; [2] did not act in good faith under the circumstances; and [3] did not pay adequate consideration." Therefore, the court entered judgment in favor of Brackney and

---

[2] In determining Brackney's standing, the trial court specifically found that: (1) as the DFPR of Mack's estate, Brackney "properly filed authenticated copies of his appointment and waiver of bond in the Ozark County, Missouri probate court in compliance with §§ 473.677 and 473.676 RSMo"; and (2) because of that compliance, Brackney "has standing to pursue his counterclaim for quiet title."

[3] The trial court acknowledged that, after remand, the Houses raised this affirmative defense in responsive pleadings. The court also noted that the Walkers' claims to the Property were not at issue because their claims were denied in the previous judgment and no appeal of that denial was taken.

denied "all defenses raised to Brackney's counterclaim, including the Houses' bona fide purchaser affirmative defense."[4]  This appeal followed.

## Standard of Review

"The judgment is presumed correct, and the party challenging the judgment bears the burden of proving it erroneous."  *O'Connell v. Deering*, 631 S.W.3d 649, 652 (Mo. App. 2021). In this court-tried case, our review is governed by Rule 84.13(d) and *Murphy v. Carron*, 536 S.W.2d 30, 31-32 (Mo. banc 1976).  We are required to affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law.  *Ivie v. Smith*, 439 S.W.3d 189, 198-99 (Mo. banc 2014).  "We review questions of law decided in a court-tried case *de novo*."  *O'Connell*, 631 S.W.3d at 652.

In applying this standard of review, we also must take into consideration which party has the burden of proof on an issue.  A party asserting an affirmative defense bears the burden of proof on that defense.  *York v. Authorized Inv'rs Grp., Inc.*, 931 S.W.2d 882, 887 (Mo. App. 1996); *Stewart v. K-Mart Corp.*, 747 S.W.2d 205, 208 (Mo. App. 1988).  A trial court is free to believe all, some, or none of the evidence offered to prove a contested fact.  *Ivie*, 439 S.W.3d at 206; *Houston v. Crider*, 317 S.W.3d 178, 186 (Mo. App. 2010).  On appeal, this Court defers to credibility determinations made by the trial court.  *Ford v. Giovanelli*, 660 S.W.3d 467, 471-72 (Mo. App. 2023).  It is a basic precept of appellate review that no evidence is needed to find against a party who bore the burden of proof on an issue or to uphold that decision on appeal.

---

[4] The trial court also "declared void and cancelled" three recorded instruments specified in the judgment, as well as "all conveyances, encumbrances, liens, easements or other instruments of record recorded in the Office of the Ozark County Recorder [of] Deeds from the period beginning May 17, 2014 and ending on the date of this Judgment[.]"

*Wondel v. Camden Cnty. Comm'n*, 618 S.W.3d 682, 691 (Mo. App. 2021); *Beaman v. Lowe's Home Ctrs., Inc.*, 601 S.W.3d 330, 331 (Mo. App. 2020).

**Discussion and Decision**

Appellants present five points, the first four of which challenge the 2018 order that set aside the default judgment. These four points contend that "the trial court erred in": (1) "setting aside the judgment 1315 days after entry of the default judgment because more than one year had elapsed"; (2) "setting aside the judgment" because Brackney "did not properly plead extrinsic fraud or show that he was entitled to relief by reason of accident, mistake, inadvertence, mischance or unavoidable circumstances unmixed with neglect or inattention"; (3) "not determining the standing" of Brackney prior to "setting aside of a default judgment"; and (4) quieting title in Brackney, as DFPR of Mack's estate, "because [Brackney] lacked standing to set aside the default judgment …." Point 5 challenges the trial court's finding that the Houses were not bona fide purchasers. Because the first four points are related, we discuss them together.

*Points 1-4*

Appellants' first four points challenge the trial court's decision to set aside the default judgment in 2018. In response, Brackney argues all four points are precluded from further consideration by this Court pursuant to "law of the case." We agree.

"The doctrine of law of the case governs successive appeals involving substantially the same issues and facts, and applies appellate decisions to later proceedings in that case." *Am. Eagle Waste Indus., LLC v. St. Louis Cnty.*, 379 S.W.3d 813, 825 (Mo. banc 2012); *Williams v. Kimes*, 25 S.W.3d 150, 153 (Mo. banc 2000). "A previous holding constitutes law of the case, precluding re-litigation of issues on remand and subsequent appeal." *Williams*, 25 S.W.3d at 153-54. The decision of a court is the law of the case for all points presented and decided,

5

as well as for matters that arose prior to the first adjudication and could have been raised but were not. *Id*. Put simply, a previous holding in a case precludes re-litigation of that issue on remand and subsequent appeal. *Rodriguez v. Suzuki Motor Corp.*, 996 S.W.2d 47, 61 (Mo. banc 1999).

In the case at bar, our prior decision in *Brackney 1* constitutes the law of the case. *See Williams*, 25 S.W.3d at 153-54. Appellants' first four points each attempt, for different reasons, to challenge the 2018 order setting aside the default judgment. That ruling occurred well before the first appeal was taken in *Brackney 1*. In Points 1 and 2, Appellants argue that the trial court erred by setting aside the default judgment because the motion was untimely and did not plead a proper basis for such relief. Since the challenged ruling was made before the appeal in *Brackney 1*, that issue could have been presented and decided during the former appeal. Therefore, we apply the law-of-the-case doctrine and decline to review that unappealed ruling. *See Schnurbusch v. W. Plains Reg'l Animal Shelter*, 571 S.W.3d 191, 198 (Mo. App. 2019) (even if we assume without deciding that the claims at issue were not raised in the previous appeal, "the complained-of conduct was occurring before that appeal and, hence, the claims *could have* been raised" earlier or in that appeal).

We reach the same conclusion with respect to Points 3 and 4, which involve the issue of standing. On remand, the trial court correctly ruled that Brackney had standing to pursue his counterclaim for quiet title. Appellants do not challenge that ruling in this second appeal. Instead, Appellants argue that the trial court should have determined Brackney's standing *prior to* setting aside the default judgment. Once again, the complained-of conduct occurred well before *Brackney 1* and could have been raised in the prior appeal. *See Schnurbusch*, 571 S.W.3d at 198 (holding that appellants' challenges to standing could have been raised in prior appeal, so re-litigation of that issue was barred by law-of-the-case doctrine). Therefore, we

6

apply the law-of-the-case doctrine and deny Points 1-4 without reaching the merits. *See* *Williams*, 25 S.W.3d at 153-54; *Schnurbusch*, 571 S.W.3d at 198.

*Point 5*

Appellants' fifth point argues that the Houses "paid valuable consideration for the property and were not given notice of [Brackney's] petition until 4 years, 5 months, and 16 days after they purchased the property." According to Appellants, the "trial court erred in not finding that [the Houses] were bona fide purchasers[.]" We disagree.

In a quiet-title action, the burden of proof is upon each party to prove better title than that of his adversary. *Sharp v. Crawford*, 313 S.W.3d 193, 199 (Mo. App. 2010). "The claimant must rely upon the strength of his own title and not upon the weaknesses in the title of his opponent." *Id*. A "bona fide purchaser[,]" on the other hand, "takes free of adverse claims to prior, unrecorded interests in the property." *Casady v. Fehring*, 360 S.W.3d 904, 908 (Mo. App. 2012). A bona fide purchaser is one who: (1) pays a valuable consideration; (2) has no notice of outstanding rights of others; and (3) acts in good faith. *Id*.; *Will Investments, Inc. v. Young*, 317 S.W.3d 157, 165 (Mo. App. 2010). The party seeking such protection has the burden of proving that party meets the elements of a bona fide purchaser. *Swift v. Fed. Home Loan Mortg. Corp.*, 417 S.W.3d 342, 346 (Mo. App. 2013).

Here, it was the Houses' burden to prove they were bona fide purchasers, and the trial court simply was not persuaded by their evidence. The Houses' burden of proof had two components: (1) the burden to produce evidence; and (2) the burden to persuade or convince the court as fact-finder to view the facts in the Houses' favor. *See Warren v. Dunlap*, 532 S.W.3d 725, 729 (Mo. App. 2017). Regarding those components, what we said in *Black River Elec. Coop. v. People's Cmty. State Bank*, 466 S.W.3d 638 (Mo. App. 2015), bears repeating:

7

> Credible, believable, even uncontradicted proof of *evidentiary* facts may not prove a contested issue of *ultimate* fact to the fact-finder's satisfaction. A party with the burden of proof cannot merely offer a submissible case; it must convince the fact-finder to view the facts favorably to that party. This is because evidence never proves any element until the fact-finder says it does.

*Id*. at 640 (emphasis in original; internal citations, quotations marks and brackets omitted). Further, "[w]hen the burden of proof is placed on a party for a claim that is denied, the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncontroverted evidence." ***White v. Dir. of Revenue***, 321 S.W.3d 298, 305 (Mo. banc 2010). "If the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party." *Id*. Generally, the party who does not have the burden of proof on an issue need not offer any evidence concerning it. *Id*.

The Houses' argument ignores both the fact that they had the burden of proof and our standard of review. Because the ultimate factual issues were contested, we must defer to the trial court's credibility determinations and its prerogative to believe all, part, or none of the evidence offered to prove those facts. ***Ivie***, 439 S.W.3d at 206. Thus, under our mandated standard of review, we must presume the trial court implicitly decided not to credit the evidence and testimony upon which the Houses rely. *See id*. As a result, the Houses' argument fails because it rests only upon evidence that we must assume the trial court did not credit. *See, e.g.*, ***Morris Branson Theatre, LLC v. Cindy Lee, LLC***, 521 S.W.3d 278, 283 (Mo. App. 2017) (because the issues of fact were contested, the trial court could simply disbelieve the evidence presented by the party with the burden of proof); ***Walker v. Walker***, 485 S.W.3d 403, 408-09 (Mo. App. 2016) (same holding). Point 5 is denied.

The judgment of the trial court is affirmed.

JEFFREY W. BATES, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, J. – CONCUR

GINGER K. GOOCH, J. – CONCUR