**GLASGOW ENTERPRISES, INC.,**
**Plaintiff/Respondent,**

v.

**Robert K. BOWERS, Kimberly M. Bowers, Contimortgage Corporation, and John Doe(s), Defendants,**

**Teresita Parks and Novastar Mortgage, Inc., Defendants/Appellants.**

**No. ED 87131.**

Missouri Court of Appeals, Eastern District, Division Three.

May 30, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 18, 2006.

Application for Transfer Denied Aug. 22, 2006.

Thomas A. Connelly, Thomas A. Connelly, PC, St. Louis, MO, for respondent.

Steven M. Cohen, Berger, Cohen & Brandt, L.C., Clayton, MO, for appellants.

KATHIANNE KNAUP CRANE, Presiding Judge.

Plaintiff, a purchaser of real property at a delinquent tax sale pursuant to Chapter 140, filed a lawsuit to quiet title pursuant to section 140.330 RSMo (2000).[1] The petition named as defendants the record owners at the time of the tax sale and their mortgagee, along with an individual who purchased the property after the ninety-day redemption notices had been mailed and that individual's mortgagee. The trial court entered summary judgment in plaintiff's favor, and the individual purchaser and her mortgagee appeal. They claim that the trial court erred in granting summary judgment because 1) there were genuine issues of material fact about whether they knew of the prior tax sale, 2) the county collector failed to comply with section 140.290 by not maintaining a permanent record book, and 3) plaintiff failed to comply with section 140.405 by not giving them a redemption notice. We affirm.

The following facts, relevant to the issues on appeal, were undisputed in the summary judgment record. Robert K. Bowers and Kimberly M. Bowers, husband and wife, were record owners/grantees of a parcel of real property located in St. Louis County at 1810 Millshire Drive (the property). On March 16, 1999, Mr. and Mrs. Bowers executed a deed of trust to Contimortgage Corporation (Contimortgage), which was subsequently recorded in the Office of Recorder of Deeds for St. Louis County (Recorder's Office).

On August 26, 2002, plaintiff, Glasgow Enterprises, Inc., purchased the property at a sale for delinquent taxes conducted by the Collector of Revenue of St. Louis County (the Collector) for $4,479.00, which amount represented unpaid taxes, costs and charges for the years 1999, 2000, and 2001. The Collector gave plaintiff a certificate of purchase for the property. The certificate of purchase informed plaintiff that it would be eligible to receive a deed to the property after the close of business on August 26, 2004, and further informed plaintiff of the requirements of section 140.405.

On or about March 22, 2004, plaintiff obtained a title company letter report on the property's title status. The title company reported that it had made a search of the deed, mortgage, judgment, and tax records relating to the property, that Mr. and Mrs. Bowers were the grantees in the last recorded deed, and that Contimortgage had an unsatisfied mortgage of record.

On or about May 12, 2004, plaintiff sent letters by certified mail to Mr. and Mrs. Bowers and Contimortgage at their re-

---

**1.** All further references to the Revised Statutes of Missouri will be to the 2000 edition.

spective addresses, notifying them of their ninety-day right to redeem the property. Thereafter, plaintiff filed an affidavit with the Collector, averring that it sent a letter of notification to all parties and lien holders. Neither Mr. and Mrs. Bowers nor Contimortgage redeemed the property during the ninety-day redemption period.

On July 23, 2004, Mr. and Mrs. Bowers executed a general warranty deed to Teresita Parks, which was subsequently recorded in the Recorder's Office. That same day, a deed of trust from Ms. Parks to Novastar Mortgage, Inc. (Novastar) was also recorded in the Recorder's Office.

On August 31, 2004, plaintiff was issued a Collector's deed for taxes (Collector's deed) to the property, which it subsequently recorded in the Recorder's Office.

On November 19, 2004, plaintiff filed a petition seeking an order declaring and quieting title to the property in plaintiff or, alternatively, a judgment in *quantum meruit* in the amount of its costs incurred in purchasing the property. The petition named Mr. and Mrs. Bowers, Contimortgage, Ms. Parks, Novastar, and John Doe(s) as defendants. Plaintiff alleged that it purchased the property at a third sale for delinquent taxes conducted by the Collector on August 26, 2002, and that it had received and recorded the Collector's deed. Plaintiff further alleged that it paid the amount bid in full; that on May 12, 2004, pursuant to section 140.405 *et seq.*, it caused proper notice to be sent by certified mail, return receipt requested, to all interested parties and those then having a beneficial interest, informing them of their right to redeem; and that on the same date, it notified the Collector by affidavit

that it had given proper notice to anyone with a publicly recorded interest in the property. It also alleged that the ninety-day period of redemption under section 140.405 and the two-year period of redemption under section 140.340 had both passed, and that it was entitled under section 140.240, as grantee of a Collector's deed, to an absolute estate and fee simple, free and clear of all prior liens on the property.

Plaintiff thereafter filed a motion for summary judgment. Ms. Parks and Novastar filed an amended answer and a counterclaim seeking an order declaring and quieting title to the property in themselves.

After the hearing on plaintiff's summary judgment motion, the trial court entered summary judgment in plaintiff's favor against Ms. Parks and Novastar on the quiet title count. The court also dismissed the John Doe(s) without prejudice. In a separate order and judgment, the trial court denied Ms. Parks and Novastar's counterclaim as moot and further denied plaintiff's alternative *quantum meruit* count as moot.[2] Ms. Parks and Novastar (hereinafter, defendants) appeal.

## DISCUSSION

### Standard of Review

Summary judgment is designed to permit the trial court to enter judgment, without delay, when the moving party has demonstrated, on the basis of facts on which there is no genuine dispute, a right to judgment as a matter of law. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993); Rule

---

**2.** Prior to entering these orders, the court had entered a default judgment against Mr. Bowers and a partial judgment in plaintiff's favor, quieting title against Mr. Bowers. After entering these orders, the court entered an order dismissing Mrs. Bowers without prejudice. In a separate order, the court also entered a default judgment against Contimortgage and a partial judgment in plaintiff's favor, quieting title against Contimortgage.

74.04. Our review is essentially *de novo.* *ITT,* 854 S.W.2d at 376. We take as true every fact set forth in the moving party's motion, unless the non-movant has denied it in its response to the motion. *Id.* The non-moving party's response must show the existence of some genuine dispute about one of the material facts necessary to the plaintiff's right to recover. *Id.* at 381. We may affirm a summary judgment under any theory that is supported by the record. *Id.* at 387–88.

## I. Issues Raised in First Point

■ For their first point, defendants assert that the trial court erred in entering summary judgment because there was a genuine issue of material fact about whether they knew of the prior tax sale of the property and because the Collector failed to comply with section 140.290. This point does not comply with Rule 84.04(d)(1) because it contains two separate claims of error that should have been set out in two separate points. *In re Marriage of Cohen,* 884 S.W.2d 35, 37 n. 1 (Mo.App.1994). In addition, the point fails to set out any legal reasons that support either claim of error. Rule 84.04(d)(1)(B) specifically requires a point to "state concisely the legal reasons for the appellant's claim of reversible error[.]" "The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). The purpose of this rule is to notify the opposing party of "the precise matters that must be contended with and to inform the court of the issues presented for review." *In re Marriage of Weinshenker,* 177 S.W.3d 859, 863 (Mo.App.2005). Although we do not condone these violations of Rule 84.04(d)(1), we will exercise our discretion to review in more detail the two claims made in this point.

## A. Disputed Issue of Material Fact

■ Defendants first argue that a disputed issue of material fact existed over whether they had actual or constructive notice of the tax sale. They claim that there are facts in their response to the summary judgment motion that show that they did not have notice, whereas there are facts in the summary judgment motion and sur-reply that show they did have notice. Defendants specifically argue that plaintiff's title expert and their title experts did not agree on essential facts.

The experts' affidavits do not dispute the facts. All of the experts relied on data from the St. Louis County Department of Revenue website. Defendants' experts looked at data on the website page entitled "Real Estate Tax Amounts Due" for the property. They averred that this page stated that no taxes were due on the property, and that there was no information on the page indicating or stating that the property had ever been sold at a tax sale. One of defendants' experts further opined that "[t]o the best of [his] knowledge," the website did not state information in June 2004, that would have indicated whether the Collector had issued a certificate of purchase. On the other hand, plaintiff's expert looked at data on the website page entitled "Real Estate Tax History" for the property. He explained why the information on that page would indicate to a title examiner that the property had been involved in a tax sale.

These affidavits do not contradict each other on any fact. Defendants' experts basically recite that the website page that they consulted does not patently contain particular information and one expert opines that, to the best of his knowledge, no pages on the website indicate whether a certificate of purchase had been issued; whereas plaintiff's expert points to a page

that he opines contains information which would put a title examiner on notice that a tax sale may have taken place.

The affidavits do not dispute the contents of the website; they only disagree over whether a conclusion that defendants had actual or constructive notice can be drawn from the undisputed facts. At most, these are contrary legal conclusions that are not sufficient to raise a question of fact in a summary judgment proceeding. *See Missouri Ins. Guar. Ass'n v. Wal–Mart*, 811 S.W.2d 28, 34 (Mo.App.1991). *See also Universal Underwriters Ins. Co. v. Dean Johnson Ford, Inc.*, 905 S.W.2d 529, 532–33 (Mo.App.1995).

B. *Compliance with Section 140.290*

In their remaining argument under this point, defendants contend that the trial court erred in entering summary judgment because section 140.290.2 required the Collector to record the certificate of purchase in a permanent record book in his office, and the Collector failed to do so. We do not reach the merits of this claim because defendants did not plead the Collector's alleged noncompliance with section 140.290.2 as an affirmative defense.

■ "An affirmative defense seeks to defeat or avoid the plaintiff's cause of action, and avers that even if the allegations of the plaintiff's petition are taken as true, he or she cannot prevail because there are additional facts that permit the defendant to avoid the legal responsibility alleged." *Rodgers v. Threlkeld*, 22 S.W.3d 706, 710 (Mo.App.1999). *See also ITT*, 854 S.W.2d at 383. Rule 55.08 requires a party to set forth all applicable affirmative defenses in an answer. *Id.* A defendant must properly plead an affirmative defense in the answer in order for the defense to be considered in a motion for summary judgment. *Ash-*

*land Oil, Inc. v. Warmann*, 869 S.W.2d 910, 911–12 (Mo.App.1994). *See also ITT*, 854 S.W.2d at 383–84.

■ In this case, defendants' claim that the Collector failed to record the certificate of purchase in compliance with section 140.290.2 is an assertion of an additional fact that, under defendants' theory of defense, would prevent plaintiff from prevailing in its quiet title action even if all of the allegations in the petition are true.[3] Because defendants failed to plead this claim as an affirmative defense, plaintiff was not required to set forth facts in the summary judgment motion negating it. Rule 74.04 only requires the moving party to negate affirmative defenses that were properly pleaded by the non-moving party. *Rodgers*, 22 S.W.3d at 710 (citing *ITT*, 854 S.W.2d at 381); *Ashland Oil*, 869 S.W.2d at 912.

■ The fact that defendants raised the Collector's failure to comply with the statute in the "Additional Facts" section of their amended response to the motion for summary judgment does not inject this issue into the summary judgment proceeding. A party's attempt to raise an affirmative defense for the first time in a response to a motion for summary judgment, without seeking leave to amend the pleadings, is not sufficient to plead the defense. *Chouteau Auto Mart v. First Bank of Mo.*, 148 S.W.3d 17, 26 (Mo.App.2004); *State ex rel. Nixon v. Consumer Auto. Res.*, 882 S.W.2d 717, 721 (Mo.App.1994).

For all of the above reasons, point one is denied.

II. *Plaintiff's Compliance with Section 140.405*

For their second point, defendants assert that the trial court erred in granting

---

**3.** Plaintiff further argues that even if it had been pleaded, this claim is not a defense to a quiet title suit under Chapter 140 as a matter of law. Since the Collector's failure to comply was not pleaded, we do not need to reach this question.

plaintiff's motion for summary judgment because plaintiff failed to comply with section 140.405, and therefore had no right to receive the Collector's deed. This point likewise does not comply with Rule 84.04(d)(1) because it fails to set out any legal or factual reasons for the claim of error. *Weinshenker,* 177 S.W.3d at 863. Although we do not condone this violation, we will exercise our discretion to review the argument under this point on the merits.

■ In that argument, defendants assert that plaintiff violated section 140.405 because it did not give defendants notice of a right of redemption. This argument requires us to interpret section 140.405.

> Statutory interpretation is purely a question of law, which we determine *de novo. Pavlica v. Dir. of Revenue,* 71 S.W.3d 186, 189 (Mo.App.2002). When interpreting a statute, we are to determine the intent of the legislature, giving the language used its plain and ordinary meaning, and give effect to that intent, if possible. *State ex rel. Riordan v. Dierker,* 956 S.W.2d 258, 260 (Mo. *banc* 1997). If the intent of the legislature is clear and unambiguous, giving the language used in the statute its plain and ordinary meaning, then we are bound by that intent and cannot resort to any statutory construction in interpreting the statute. *Baxley v. Jarred,* 91 S.W.3d 192, 196 (Mo.App.2002).

*Cline v. Teasdale,* 142 S.W.3d 215, 222 (Mo.App.2004). Section 140.405 provides, in relevant part:

> Any person purchasing property at a delinquent land tax auction shall not acquire the deed to the real estate ... *until the person meets with the following requirement* or until such person makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. *At least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem such person's publicly recorded security or claim.* Notice shall be sent by certified mail to any such person, ... at such person's last known available address. Failure of the purchaser to comply with this provision shall result in such purchaser's loss of all interest in the real estate.

(Emphasis added).

This statute specifically requires a purchaser to meet one "requirement" with respect to real estate that is subject to a publicly recorded interest, that is, to give notice to the described category of persons "[a]t least ninety days prior to the date when a purchaser is authorized to acquire the deed[.]" The statute does not contain any other requirements, and it specifically does not require any notice to be given after the ninety-day notice is given. If the legislature had intended to require a purchaser to provide additional notices to persons who obtained interests in the property after the mandated notice is given, it could have done so. Its decision not to include this requirement indicates a contrary intent. *Cline,* 142 S.W.3d at 223. The wisdom of not requiring subsequent notices is a matter for the legislature and not for the courts. *See Newlin v. Cordray Ford Tractor,* 799 S.W.2d 205, 208 (Mo. App.1990).

■ Under section 140.420, plaintiff was authorized to acquire the deed after August 26, 2004, two years after the sale. On May 12, 2004, a little over ninety days prior to the August date, plaintiff notified all persons who held a publicly recorded

deed of trust, mortgage, lease, lien or claim, pursuant to the statute. On May 18, 2004, plaintiff filed an affidavit with the Collector that stated that it had sent a letter of notification to all parties and lienholders of sale of the property. Neither defendant had a publicly recorded interest when the statutorily required notices were sent. Plaintiff did not violate section 140.405 in not sending defendants a notice when they had no interest in the property at the time notice was required.

Defendants argue that *Campbell v. Siegfried,* 823 S.W.2d 156, 158 (Mo.App.1992), holds that section 140.405 requires notice of the right to redeem be given to those who purchase after the ninety-day notices have been given. We disagree. In *Campbell,* we held that the statute required that notice be given to a person who purchased real property and recorded her general warranty deed after defendants received a certificate of purchase at a delinquent tax sale but *before* defendants conducted their title search (which revealed the deed) and *before* defendants filed an affidavit with the Collector that the title search revealed no publicly recorded interest. The opinion addressed whether a warranty deed was a "claim on the real estate" that would trigger the notice provisions of the statute. It did not address the situation of a party who purchased real property *after* the date that notice was required by statute. Point two is denied.

*Conclusion*

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY and BOOKER T. SHAW, JJ., concur.