GLASGOW ENTERPRISES, INC., Plaintiff/Appellant,

v.

Steven ROSSEL, Gold Apple Investments, LLC, and Lindell Bank, Defendants/Respondents.

No. ED 88028.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 21, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 26, 2006.

Thomas A. Connelly, PC, St. Louis, MO, for Appellant.

William L. Sauerwein, Sauerwein, Simon, Blanchard & Kline, P.C., St. Louis, MO, for Respondent.

## OPINION

MARY K. HOFF, Judge.

Glasgow Enterprises, Inc. (Glasgow) appeals from a summary judgment entered by the trial court in favor of Gold Apple Investments, LLC, (Gold Apple) on Glasgow's petition to quiet title to real property under Section 140.330.[1] Glasgow argues that the trial court erred in finding that Gold Apple was a member of a class entitled to notice under Section 140.405 and that Gold Apple had no notice, actual or constructive, that the property at issue had been sold at a tax sale. We affirm.

*Factual and Procedural Background*

On or before August 26, 2002, Steven Rossel (Rossel) owned the real property in St. Louis County known as 7263 Olive Boulevard (the Property). On August 26, 2002, Glasgow purchased the Property at a delinquent tax sale conducted by the Collector of Revenue for St. Louis County (the Collector) for a bid of $11,600, representing the amount of unpaid taxes, costs, and charges for the years 1999, 2000, and

---

1. All statutory references are to RSMo 2000,    unless otherwise indicated.

2001. The Collector gave Glasgow a Tax Sale Certificate of Purchase (Certificate of Purchase) for the Property. The Certificate of Purchase indicated Glasgow would be eligible for a Collector's Deed for Taxes after the close of business on August 26, 2004, and informed Glasgow of the requirements of Section 140.405.

Under Section 140.340, Rossel had two years from the date of the tax sale to redeem the Property. On March 3, 2004, Rossel conveyed the Property to Gold Apple by general warranty deed, duly recorded by Gold Apple's lender, Lindell Bank & Trust Company (Lindell), in the Office of Recorder of Deeds for St. Louis County on March 30, 2004.

On March 22, 2004, Glasgow obtained a record title search of the Property from Old Republic Title Company of St. Louis, Inc. (Old Republic). The report prepared by Old Republic stated that it had made a search of the deed, mortgage, judgment, and tax records relating to the Property, that Rossel was the grantee in the last recorded deed, and that the Elmer B. Lund Trust had an unsatisfied mortgage of record. The report also indicated a judgment in favor of the Metropolitan St. Louis Sewer District (MSD) and a lien held by the Internal Revenue Service (IRS).

On May 12, 2004, relying on the March 2004 title report, Glasgow sent by certified mail notice of redemption letters to Rossel, which was later returned unclaimed, the Elmer B. Lund Trust, the MSD, and the IRS.

On June 15, 2004, Glasgow obtained a second record title search of the Property from Old Republic. The results of this title search revealed Gold Apple was the grantee in the last recorded deed and Lindell had an unsatisfied mortgage of record, which was recorded on March 30, 2004. Glasgow did not mail a notice of redemption letter to Gold Apple or Lindell.

On August 27, 2004, Glasgow submitted to the Collector an affidavit of William J. Glasgow, dated May 12, 2004, stating that he had sent a letter of notification to all parties and lien holders of the tax sale of the Property and requested issuance of a collector's deed for the Property. On August 31, 2004, the Collector issued a Collector's Deed for Taxes (Collector's Deed) for the Property to Glasgow. On September 2, 2004, Glasgow filed with the Collector a copy of the June 2004 title report.

During the period of redemption, Glasgow paid $2,573.92 for the year 2002 real estate taxes, $2,968.55 for the year 2003 real estate taxes, and property insurance premiums totaling $5,406 for the years 2004 and 2005 for the Property.

On December 22, 2004, Glasgow filed a petition, later amended, seeking an order declaring and quieting title to the Property to Glasgow or, in the alternative, a judgment in *quantum meruit* in the amount of Glasgow's costs incurred in purchasing the Property. The petition named the following as defendants: Rossel, the Elmer B. Lund Trust, the MSD, the United States of America, Inc., John Doe(s), and Gold Apple. Gold Apple filed an answer with affirmative defenses in response to the amended petition as well as a counterclaim for quiet title and cancellation of the Collector's Deed. Glasgow filed an answer with affirmative defenses in response to Gold Apple's counterclaim. The MSD filed a waiver of all right, title, or interest in the Property. The United States of America filed a disclaimer of interest in the Property. Rossel and the Elmer B. Lund Trust were served and filed no answer to the amended petition.

In September 2005, Gold Apple filed a motion for summary judgment, a statement of uncontroverted material facts along with exhibits, and a memorandum of

law in support of its motion for summary judgment. In its motion, Gold Apple argued that it was entitled to judgment as a matter of law because Glasgow failed to provide Gold Apple with notice of its right to redeem the Property. Gold Apple further argued that it had no notice the Property was sold at a tax sale in August 2002 and that Glasgow was aware of the interest in the Property owned by Gold Apple.

Glasgow filed a response in opposition to Gold Apple's motion for summary judgment along with exhibits, a statement of additional uncontested facts, and a memorandum of law in support of its response. Gold Apple filed a response to Glasgow's statement of additional uncontested facts.

In January 2006, the trial court granted Gold Apple's motion for summary judgment and entered judgment in favor of Gold Apple and against Glasgow on each count of Glasgow's amended petition and on Gold Apple's counterclaim to quiet title. In its judgment, the trial court found the following: Gold Apple purchased the Property and became an owner of the Property during the statutory two year redemption period but had no notice, actual or constructive, that the Property had been sold at a tax sale; and Glasgow did not provide notice to Gold Apple or Lindell of the tax sale or of their right to redeem the Property. The court concluded that as a purchaser of the Property during the statutory two year redemption period, Gold Apple was in the class of persons entitled to notice of its right to redeem the Property under Section 140.405, and that because Glasgow failed to give notice to Gold Apple, Glasgow should not have acquired the Collector's Deed to the Property, and under Section 140.405, all interest in the Property acquired by Glasgow was deemed lost and forfeited.

Accordingly, the trial court divested Glasgow of all right, title, and interest in the Property, voided and canceled the Collector's Deed, and quieted fee simple title to the Property to Gold Apple, subject only to the first Deed of Trust of Lindell. The court also ordered the Collector to refund to Glasgow its tax sale bid of $11,600 for the Property and Gold Apple to pay to Glasgow $14,815.11, the aggregate 10% interest on the amount of Glasgow's tax sale bid ($3,866.64) and all amounts expended for taxes and insurance ($10,948.47).

Glasgow filed a motion to amend the judgment or, in the alternative, a motion for new trial, along with exhibits and a memorandum of law in support of its motion. Gold Apple filed a memorandum in opposition to the motion. The trial court denied Glasgow's motion. Glasgow appeals from the summary judgment.

### Standard of Review

Our review of a summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is required where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 74.04(c).

### Discussion

■ Glasgow raises two points on appeal. In its first point, Glasgow argues that the trial court misapplied the law in ruling that Gold Apple was a member of a class entitled to notice under Section 140.405 because Gold Apple's ownership interest in the Property was not "publicly recorded" at the time Old Republic performed the title search and prepared the March 22, 2004 title report, and therefore, Glasgow had no knowledge prior to sending the notice of redemption letters that Gold Apple had purchased an interest in the Property.

Section 140.405 provides in relevant part:

Any person purchasing property at a delinquent land tax auction shall not acquire the deed to the real estate, as provided for in section 140.420, until the person meets with the following requirement or until such person makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. At least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem such person's publicly recorded security or claim. Notice shall be sent by certified mail to any such person, including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale, at such person's last known available address. Failure of the purchaser to comply with this provision shall result in such purchaser's loss of all interest in the real estate.... Once the purchaser has notified the county collector by affidavit that proper notice has been given, anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the property shall have ninety days to redeem said property or be forever barred from redeeming said property.

Glasgow maintains *Glasgow Enterprises, Inc. v. Bowers,* 196 S.W.3d 625 (Mo.App. E.D.2006) should control our decision. We disagree. *Bowers* is factually distinguishable. In *Bowers,* the non-tax sale purchasers purchased the property and recorded their interest not only after Glasgow obtained a title search of the property, but also after Glasgow mailed the notice of redemption letters, after Glasgow filed its affidavit with the Collector, and within ninety days from when Glasgow was authorized to acquire a collector's deed. *Id.* at 628, 632.

It is undisputed that Gold Apple purchased the Property and publicly recorded its interest in the Property by March 30, 2004. Thus, Gold Apple publicly recorded its interest in the Property prior to Glasgow mailing the notice of redemption letters in May 2004, prior to Glasgow filing its affidavit with the Collector in August 2004, and outside ninety days from when Glasgow was authorized to acquire the Collector's Deed. Nearly eight weeks elapsed between the time Glasgow obtained the title report in March 2004, upon which it relied to determine the persons holding publicly recorded interests in the Property, and the time it mailed the notice of redemption letters in May 2004. Gold Apple had a publicly recorded interest in the Property when Glasgow mailed the notice of redemption letters. *Cf. Id.* at 632 (the non-tax sale purchasers did not have a publicly recorded interest when the statutorily required notices were sent, and therefore, Glasgow did not violate Section 140.405 in not sending the purchasers a notice). Additionally, because of the June 2004 title report, Glasgow was aware of Gold Apple's interest in the Property prior to Glasgow filing its affidavit with the Collector, and Gold Apple was the title owner of the Property at the time Glasgow sought the Collector's Deed. Under these circumstances, we conclude that Gold Apple was entitled to notice under Section 140.405. Because Gold Apple was entitled to notice under Section 140.405, and because Glasgow did not provide Gold Apple with notice, as a matter of law, Glasgow must lose all interest in the Property. Accordingly, the trial court did not err in entering summary judgment in favor of Gold Apple and against Glasgow. Point denied.

■ In its second point on appeal, Glasgow argues that the trial court erred in finding that Gold Apple had no notice, actual or constructive, that the Property had been sold at a tax sale because Gold Apple was only entitled to constructive notice of the tax sale, and the evidence established a genuine issue of material fact as to whether or not Gold Apple had constructive notice of the tax sale.

Section 140.405 imposes on a purchaser of property at a delinquent tax sale certain distinct notice requirements as a prerequisite to an application for a collector's deed. *Valli v. Glasgow Enterprises, Inc.,* 204 S.W.3d 273 (Mo.App. E.D.2006). As discussed under point one, Gold Apple was entitled to notice under Section 140.405, and Glasgow did not provide Gold Apple with such notice. Even if the evidence established that Gold Apple had constructive notice of the tax sale, this notice would still be insufficient under Section 140.405 because knowledge of the tax sale alone does not satisfy the distinct notice requirements placed upon Glasgow under Section 140.405, such as notice by certified mail and advising Gold Apple of its right to redeem the Property within a certain time period or be forever barred from doing so. *See Id.* Point denied.

### Conclusion

The summary judgment entered by the trial court is affirmed.

CLIFFORD H. AHRENS, P.J., and NANNETTE A. BAKER, J., concur.