

# In the Missouri Court of Appeals
# Eastern District

## SOUTHERN DIVISION

| | | |
|---|---|---|
| LUCAS E. WILKINSON, | ) | No. ED112865 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Cape Girardeau County |
| vs. | ) | 22CG-CC00310 |
| | ) | |
| FARMERS HOLDING COMPANIES D/B/A | ) | Honorable Benjamin F. Lewis |
| CAPITAL SAND, INC., | ) | |
| | ) | |
| Respondent. | ) | FILED: July 29, 2025 |

Lucas Wilkinson (Plaintiff) appeals from the trial court's grant of summary judgment in favor of Farmers Holding Companies d/b/a Capital Sand, Inc. (Defendant) on his claim for violation of the service letter statute, Section 290.140 RSMo (2016).[1]  We reverse and remand.

## BACKGROUND

Plaintiff worked for Defendant's business to mine and crush limestone, then sell sand products generally used by oil companies in the fracking process.  Plaintiff began experiencing medical complications in August 2021.  After he was formally diagnosed with multiple sclerosis, his employment was terminated in January 2022.  Plaintiff sent a certified letter on April 11, 2022, to the business office address of Defendant, requesting a service letter pursuant to Section 290.140.  He did not receive a response and filed a petition against Farmers Holding Companies

---

[1] All further statutory references are to RSMo (2016).

d/b/a Capital Sand, Inc. in December 2022, alleging claims for disability discrimination under the Americans with Disabilities Act (ADA) (Count I) and for violation of the Missouri service letter statute, Section 290.140 (Count II).

Defendant did not answer the petition but removed the case to federal court. After Plaintiff's ADA claim (Count I) was dismissed, the cause was remanded back to state court on the sole remaining count regarding the service letter. Upon remand, Defendant failed to plead any affirmative defenses or even answer the petition.[2] Instead, Defendant filed a motion for summary judgment on Count II. The motion for summary judgment itself pled that Plaintiff's request for a service letter failed to comply with Section 290.140 because he did not send a letter to his "actual employer." While not pled in the motion for summary judgment, Defendant also argued Plaintiff did not sign the letter it received in its statement of uncontroverted material facts. The trial court granted summary judgment in favor of Defendant. This appeal follows.

## DISCUSSION

In his sole point on appeal, Plaintiff argues the trial court erred in granting summary judgment in favor of Defendant because there were numerous facts in dispute.[3] His point also asserts that summary judgment is precluded "as a matter of law" because of Defendant's failure

---

[2] The state court receives the case in the procedural posture it was in federal court on remand. *See Craig v. Mo. Dept. of Health*, 80 S.W.3d 457, 460 (Mo. banc 2002). Pursuant to Rule 55.34(b), both parties are required to file a list of documents from the federal court that are to be made part of the state court file and provide copies of those documents to the trial court. Here, neither party complied with this rule, and we do not have any record of the federal proceedings prior to remand, to include any answer or affirmative defenses pleaded to Count II. The lack of these documents (if they exist in the federal court record) in the state court's record place Defendant in greater legal peril of default under Rule 74.05(a) for failure to file an answer in compliance with Rule 55.25 than Plaintiff faces on Rule 74.04 summary judgment.

[3] In response to Plaintiff's appeal, Defendant filed two motions to dismiss, which were taken with the case. Defendant argues the appeal should be dismissed for lack of a final, appealable judgment, and for Plaintiff's briefing deficiencies. First, as discussed above, the ADA claim was dismissed in federal court, leaving only the service letter claim. It was upon this claim the court granted summary judgment in favor of Defendant, thus, there is a final, appealable judgment. In addition, Plaintiff's brief does contain some misplaced references to facts and cases related to his employment discrimination claim, rather than his service letter claim upon which summary judgment was granted. However, to the extent Defendant contends the deficiencies in Plaintiff's brief preclude review, where, as here, the argument is discernable this court prefers to dispose of the case on the merits. *Hink v. Helfrich*, 545 S.W.3d 335, 338 (Mo. banc 2018) (internal citations omitted). All pending motions are denied.

to reply to his request for a service letter. However, this court cannot review whether there were controverted material facts because we hold Defendant failed to meet the threshold requirement to establish the right to judgment as a matter of law. There is nothing in this sparse summary judgment record to show Defendant properly pled an affirmative defense based on Plaintiff's alleged noncompliance with the statute as required by Rule 74.04.[4] In this case, such an affirmative defense is necessary to negate an element of Plaintiff's claim. The facts asserted in the summary judgment motion and supporting documents are not a sufficient substitute for the Rule 55.08 responsive pleading requirement.

### *Standard of Review*

Our review of the trial court's grant of summary judgment is *de novo*.[5] *Lackey v. Phelps Co. Reg. Med. Ctr.*, 698 S.W.3d 865, 868 (Mo. App. S.D. 2024) (internal citations omitted). We review the grant of summary judgment applying the same criteria for testing the propriety of summary judgment as the trial court should have applied. *Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020) (internal quotation omitted). "Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law." *Id.*; Rule 74.04(c)(6). We review the record in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences from the record. *Albright v. Union Elec. Co.*, 701 S.W.3d 725, 728 (Mo. App. E.D. 2024) (internal quotations omitted).

### *Analysis*

On appeal, Plaintiff contests the grant of summary judgment to Defendant on his Count II, which alleged violation of the service letter statute, Section 290.140 as a matter of law.

---

[4] All references to Rules are to Missouri Supreme Court Rules (2023).
[5] We soundly reject any suggestion by the dissent that we may be engaging in plain error review.

3

As in this matter, when movant is the defendant, a *prima facie* right to summary judgment can be established by showing: 1) facts that negate *any one* element of the plaintiff's claim; 2) that plaintiff, after adequate discovery has or will not be able to produce sufficient evidence to allow a trier of fact to find the existence of *any one* of the elements of plaintiff's claim; or 3) there is no genuine issue of material fact as to the existence of each of the facts necessary to support a properly pleaded affirmative defense. *Lisle v. Meyer Elec. Co., Inc.*, 667 S.W.3d 100, 103 (Mo. banc 2023) (quoting *ITT Com. Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993))(emphasis in original quotation).

Defendant's contention that Plaintiff's answer and counter-affidavit to Defendant's motion for summary judgment did not comply with the requirements of Rule 74.04 improperly puts the cart before the horse because our appellate review does not begin with Plaintiff's noncompliance. Instead, our analysis must begin with the motion for summary judgment because Defendant bears the threshold burden to establish a *prima facie* case on the record submitted.

"If the movant does not meet that initial burden, then the analysis ends and the motion is denied." *Bracely-Mosley v. Hunter Eng'g Co.*, 662 S.W.3d 806, 815 (Mo. App. E.D. 2023) (citing *Loerch v. City of Union Mo.*, 643 S.W.3d 597, 602 (Mo. App. E.D. 2022)). The moving party's failure to do so essentially renders deficiencies in the non-moving party's pleadings moot. *Albright*, 701 S.W.3d at 728 (quoting *ITT Com. Fin. Corp.*, 854 S.W.2d at 381); *Ashby v. Woodridge of Missouri, Inc.*, 673 S.W.3d 537, 542 (Mo. App. S.D. 2023) (citing *Green*, 606 S.W.3d at 117, and *Hartwell v. Am. Fid. Assurance Co.*, 607 S.W.3d 807, 813 (Mo. App. S.D. 2020)); *see also Great S. Bank v. Blue Chalk Constr., LLC*, 497 S.W.3d 825, 833-34 (Mo. App. S.D. 2016). In conclusion, summary judgment practice requires both parties to strictly comply with the mandatory pleading requirements of Rule 74.04. *Great S. Bank*, 497 S.W.3d at 828; *see*

*also Green*, 606 S.W.3d at 115-116. It is only if the movant's motion satisfies these requirements does the burden shift to the non-moving party. *Id*. Then, the non-moving party's response must also fully comply with the rule and the failure to do so may result in entry of summary judgment. *Id*.

We find Defendant's own motion and supporting pleadings are as problematic as the deficiencies it complains of in Plaintiff's response. The motion itself alleged only three paragraphs, and the statement of uncontroverted facts referred only to pages of Plaintiff's deposition transcript within a single exhibit (Exhibit 1), which also contained multiple other exhibits labeled with letters without any reference to those exhibits in the statements of fact. However, the summary judgment pleading deficiencies of either party in this case are essentially rendered moot because Defendant failed to file a "properly pleaded affirmative defense" and meet the threshold burden to show it was entitled to judgment as a matter of law.

Pursuant to Section 290.140.1, when an employee was discharged or voluntarily quit and requests "in writing by certified mail to the superintendent, manager or registered agent of said corporation, with specific reference to the statute," the superintendent or manager of said corporation is required to issue to such employee "a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee was discharged or voluntarily quit such service."

"An employee must meet the statutory prerequisites to be entitled to a service letter and to have a cause of action if the employer fails to issue one." *Bartareau v. Exec. Bus. Prods., Inc.*, 846 S.W.2d 248, 249 (Mo. App. E.D. 1993) (citing *Labrier v. Anheuser Ford*, 621 S.W.2d 51, 56 (Mo. banc 1981)). In sum, the statute requires the following: 1) the employee requests a letter in writing; 2) sends the request by certified mail; 3) addresses the letter to the

5

superintendent, manager, or registered agent of "said corporation;" and 4) makes specific reference to the statute.  Section 290.140.1.[6]

 "An affirmative defense seeks to defeat or avoid the plaintiff's cause of action, and avers that even if the allegations of the plaintiff's petition are taken as true, he or she cannot prevail because there are additional facts that permit the defendant to avoid the legal responsibility alleged."  *Glasgow Enters., Inc. v. Bowers*, 196 S.W.3d 625, 630 (Mo. App. E.D. 2006) (internal quotations omitted).  Pursuant to Rule 55.08, a defendant must "set forth all applicable affirmative defenses and avoidances. . . ."  We find that in order to avoid its duty to send the service letter, Rule 55.08 requires Defendant to properly plead facts that abrogate this duty, thus negating an element of Plaintiff's claim.  *Ditto, Inc. v. Davids*, 457 S.W.3d 1, 14-15 (Mo. App. W.D. 2014) (quoting *ITT Comm. Fin. Corp.*, 854 S.W.2d at 381).

Here, rather than filing a "properly pleaded affirmative defense" Defendant only asserted uncontroverted facts in the motion for summary judgment.  But merely pleading such facts in a summary judgment record is not a sufficient substitute to satisfy the Rule 55.08 responsive pleading requirement.  *Id*. at 16-17 (citing *Jones v. Landmark Leasing, Ltd.*, 957 S.W.2d 369, 375-76 (Mo. App. E.D. 1997), and *Chouteau Auto Mart, Inc. v. First Bank of Missouri*, 148 S.W.3d 17, 26 (Mo. App. W.D. 2004)).  As a result, without a properly pled affirmative defense, Defendant failed to meet its burden of proof and the trial court could not reach the issue of whether Defendant was entitled to summary judgment as a matter of law.  *See e.g., Ditto, Inc.*,

---

[6] While we do not reach the merits of any controverted or uncontroverted facts, it is noteworthy that there is a dearth of case law interpreting the statute upon which the trial court granted summary judgment.  The most recent case is from 1993 which improperly added language to Section 290.140 and required the employee to sign his written request.  *Bartareau*, 846 S.W.3d at 250.  This we cannot do.  *See Macon Co. Emergency Svcs. Bd. v. Macon Co. Comm'n.*, 485 S.W.3d 353, 355 (Mo. banc 2016) (citing *Sw. Bell Yellow Pages, Inc. v. Dir. of Revenue,* 94 S.W.3d 388, 390 (Mo. banc 2002))("This Court will not add words to a statute under the auspice of statutory construction.").  The service letter requirements make no mention of an employee signature.  The only reference to any signature is the mandate that the service letter in response be "duly signed" by the superintendent or manager of the corporation.  Section 290.140.1.

457 S.W.3d at 17 (trial court erred as a matter of law granting summary judgment in favor of defendant where affirmative defense was not properly pleaded); *Glasgow Enters., Inc.*, 196 S.W.3d at 630 (defendants did not plead alleged noncompliance with statute as affirmative defense so plaintiff was not required to negate facts related to affirmative defense on summary judgment).

## CONCLUSION

Contrary to the dissent's bald assertion, it was not necessary to comb the record on appeal and impermissibly become appellant's advocate for this court to conclude the trial court's judgment must be reversed. Merely an examination of the sparse record in combination with a simple application of our *de novo* standard of review supports Plaintiff's argument that Defendant was not entitled to judgment as a matter of law. Therefore, neither the trial court nor this court can find Defendant met its burden of proof to show it was entitled to summary judgment as a matter of law, and we grant Plaintiff's point on appeal. We reverse the trial court's judgment in favor of Defendant, and the cause is remanded for further proceedings consistent with this opinion.

_____
Lisa P. Page, Judge

Thomas C. Clark, II, P.J., concurs.

Michael E. Gardner, J., dissents in a separate opinion.

7



# In the Missouri Court of Appeals
# Eastern District

| | | |
|---|---|---|
| LUCAS E. WILKINSON, | ) | No. ED112865 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Cape Girardeau County |
| vs. | ) | 22CG-CC00310 |
| | ) | |
| FARMERS HOLDING COMPANIES D/B/A | ) | Honorable Benjamin F. Lewis |
| CAPITAL SAND, INC., | ) | |
| | ) | |
| Respondent. | ) | FILED: July 29, 2025 |

## DISSENTING OPINION

I respectfully dissent. The majority reverses on the basis that Farmers Holding Companies d/b/a Capital Sand, Inc. ("Defendant") failed to make a prima facie showing of its right to summary judgment because its motion was based on an unpled affirmative defense. But the appellant, Lucas Wilkinson, has never made such an argument for defeating summary judgment. Because Wilkinson did not brief this allegation of error, I believe Rule 84.13(a)[1] prohibits the majority from *sua sponte* considering it as a basis for reversing the summary judgment.

This Court reviews a summary judgment de novo, using the same standards as the trial court for determining if the movant is entitled to judgment as a matter of law. *Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020). Under those standards, the initial

---

[1] All rule references are to the Missouri Supreme Court Rules (2024).

determination is whether the motion contains a "prima facie showing that there are no genuine issues of material fact and that movant is entitled to judgment as a matter of law." *Schnurbusch v. W. Plains Reg'l Animal Shelter*, 571 S.W.3d 191, 199, 201-02 (Mo. App. S.D. 2019) (internal quotation marks and citation omitted). Only if the movant makes that prima facie showing does the question become whether the nonmovant has demonstrated that one or more of the material facts relied on by the movant are genuinely disputed. *Id.* According to the majority, because the movant bears the threshold burden of establishing a prima facie right to judgment, an appellate analysis must begin with Defendant's motion. I disagree. While de novo review of a summary judgment entails applying the same criteria as the trial court to determine the propriety of that judgment, our review still must be conducted within the construct of the appellate process.

"[A]ppellants always bear the burden of establishing error whatever the standard of review." *City of De Soto v. Parson*, 625 S.W.3d 412, 416 n.3 (Mo. banc 2021). This burden includes filing a brief that complies with Rule 84.04, which is designed to "ensure that the parties and the court are informed of the precise matters in contention and the appropriate scope of review." *Young v. Missouri Dep't of Soc. Servs.*, 647 S.W.3d 73, 75 (Mo. App. E.D. 2022). A compliant brief "allows this Court to conduct a meaningful review of the issues and ensures the proper functioning of the adversary nature of our judicial system." *Id.* Adherence to the briefing rules also makes certain that this Court "retains its role as a neutral arbiter and avoids becoming an advocate for any party." *Id.* at 75-76.

The contents of an appellant's brief—and the point relied on in particular—are so crucial to the process that this Court is not allowed to consider allegations of error that are not briefed or not properly briefed:

> Apart from questions of jurisdiction of the trial court over the subject matter, allegations of error not briefed or not properly briefed shall not be considered in any civil appeal[.]

Rule 84.13(a); *see also City of Harrisonville v. Missouri Dep't of Nat. Res.*, 681 S.W.3d 177, 180 (Mo. banc 2023) (starting analysis with recitation of Rule 84.13(a) and stating that "the point relied on is a central, indispensable element of an appellate brief because it defines a specific issue for this Court's review"). "As an error[-]correcting court, we may address only those alleged errors of law preserved and raised by the parties on appeal, and we will not *sua sponte* address non-jurisdictional issues that are neither presented nor argued by the parties to the appeal." *Ballard v. City of Creve Coeur*, 419 S.W.3d 109, 113 n.2 (Mo. App. E.D. 2013). Because Rule 84.13(a) prohibits this Court from considering allegations of error that are "not briefed or not properly briefed," *every appellate analysis must begin with a review of the brief* to determine which allegations of error have been raised and whether they have been raised properly.

This is no less true in an appeal of a summary judgment. To be sure, this Court's de novo review of a summary judgment "must be made in the very same manner the trial court should have applied [Rule 74.04] in the first instance." *Great S. Bank v. Blue Chalk Constr., LLC*, 497 S.W.3d 825, 836 (Mo. App. S.D. 2016). But that does not require or authorize this Court to search the record for errors beyond those alleged by the appellant. If that were the case, the losing party in a summary judgment case would need to do little more than file a notice of appeal to trigger appellate review. In reality, of course, an appellant's brief in a summary judgment case must not only comply with Rule 84.04, it must also provide a "relevant, cogent, and logical argument on appeal" by tethering the argument to the facts that were properly made part of the summary judgment record via Rule 74.04. *Id.* at 834, 836. An argument that is disconnected from those facts is "analytically useless in an appellate review." *Id.* at 835-36; *see also Green*, 606 S.W.3d at 120.

Thus, rather than starting with Defendant's motion for summary judgment, I begin with Wilkinson's brief.  The sole point relied on in his brief is as follows:

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING RESPONDENT-EMPLOYER'S MOTION FOR SUMMARY JUDGMENT BECAUSE THIS REMEDY IS EXTREME AND DRASTIC AS SUPREME COURT RULE 74.04 REQUIRES DEFENDANT TO FILE ITS MOTION WITH SUPPORTING AFFIDAVITS AND PLAINTIFF TO FILE HIS RESPONSE AND DENIAL AND SUPPORTING AFFIDAVIT WITH FACTS TO COUNTER; AS THERE ARE NUMEROUS ISSUES OF MATERIAL FACT IN DISPUTE PRIMARILY THAT THE SERVICE LETTER SENT TO THE PROPER EMPLOYER, THAT PLAINTIFF SIGNED THE SERVICE LETTER AND DEFENDANT FAILED TO REPLY TO THE SERVICE LETTER (DAMAGES AS A MATTER OF LAW) THESE MATERIAL FACTS IN DISPUTE ARE DETERMINATIVE BY THE CREDIBILITY OF THE WITNSSES WHICH CAN ONLY BE ASCERTAINED AND DETERMINED BY A JURY AND NOT A TRIAL JUDGE REVIEWING THE COLD AFFIDAVIT OF EACH PARTY AND, THEREFORE, THIS AND OTHER DISPUTED FACTS AND AS A MATTER OF LAW DEFENDANT'S FAILURE TO REPLY TO THE SERVICE LETTER RESULTED IN DAMAGES TO PLAINTIFF WHICH CLEARLY PRECLUDE SUMMARY JUDGMENT.[2]

The analysis in the argument section of Wilkinson's brief pertaining to his service letter claim states *in its entirety*:

> Those material issues of fact in dispute not considered by the trial court were, as follows:
>
> [E]mployee sent a "signed" certified letter dated April 11, 2022 though Respondent claimed it was unsigned. [T]he service letter was sent and received by employer. Exhibits D, E and F verify the correct legal address for Respondent is 221 Bolivar Street, Suite 400, Jefferson City, MO 65101 which totally contradicts employer's contention that "Plaintiff's purported service letter does not comply with RSMO., §290.140 because it was not sent to his actual employer.
>
> [Citation to and quotation from *ITT Commercial Finance Corp. v. Mid America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993).]
>
> Therefore, there are multiple facts in dispute as outlined. Also, the credibility of witnesses on these facts should be determined by a jury.

---

[2] The point relied on as restated at the beginning of the argument section of Wilkinson's brief has a few minor differences: "damages" is omitted from the parenthetical and the final verb phrase reads "results in damages to clearly preclude summary judgment" instead of "resulted in damages to plaintiff which clearly preclude summary judgment."

This argument does not remotely meet the requirements of a "relevant, cogent, and logical argument" for reversing summary judgment because it is based solely on facts that were not properly put into the summary judgment record.[3] As such, it is totally disconnected from the Rule 74.04(c) facts and is "analytically useless."[4] *Great S. Bank*, 497 S.W.3d at 835-36. Because Wilkinson's claim that disputed facts precluded summary judgment is "not properly briefed," we should not consider it according to Rule 84.13(a). I believe the analysis should end there.

The majority, having begun its analysis with Defendant's motion instead of Wilkinson's brief, does not address the error that is alleged in his point relied on, *ex gratia* or otherwise. Instead, the majority considers and reaches its decision to reverse on an entirely different allegation of error: that Defendant failed to make a prima facie showing of a right to judgment because its motion was based on an unpled affirmative defense. There is no such claim anywhere in Wilkinson's brief. Although his point relied on contains the clause "and as a matter of law Defendant's failure to reply to the service letter resulted in damages to plaintiff which clearly

---

[3] Wilkinson's argument is based entirely on facts that he attempted, but failed, to properly put into the summary judgment record. First, he claims in his brief that there is a dispute about whether his request for a service letter was signed or unsigned. Defendant's statement of uncontroverted material facts ("SUMF") includes a paragraph asserting that the request was unsigned, but Wilkinson's purported denial of that assertion did not comply with Rule 74.04(c)(2). Rather than setting forth that statement of fact "in its original paragraph number and immediately thereunder admit[ting] or deny[ing]" it as required by Rule 74.04(c)(2), Wilkinson set out *newly*-numbered paragraphs in which he denied *multiple* SUMF paragraphs at a time *without restating* the factual assertions therein. Wilkinson also failed to support his purported denial of that fact with any citation to the exhibits attached to his response. *See* Rule 74.04(c)(2) (denials must be supported "with specific references to the discovery, exhibits or affidavits"). Therefore, the fact that the request was unsigned is deemed admitted, and Wilkinson's assertion to the contrary is not properly in the summary judgment record. *See* Rule 74.04(c)(2). The other facts cited in his brief refer to the additional assertions Wilkinson made in response to Defendant's SUMF. But he provided no "specific references to the pleadings, discovery, exhibits or affidavits" in support of those assertions as required by Rule 74.04(c)(1)-(2). Therefore, those facts are also not part of the summary judgment record. *See Green*, 606 S.W.3d at 121; *Great S. Bank*, 497 S.W.3d at 835.

[4] I note too that, irrespective of his reliance on facts outside the proper summary judgment record, Wilkinson lodges only the most cursory and conclusory assertion that those facts "totally contradict[]" Defendant's contention. This bald statement without *any* reference to legal authority—much less the law on which Defendant's contention was based—does not provide any analytical support for his claim of reversible error. *See Auman v. Richard*, 672 S.W.3d 277, 281 (Mo. App. W.D. 2023) (an appellate argument "must explain why, in the context of the case, the law supports the claim of reversible error" and it "should advise the appellate court how principles of law and the facts of the case interact").

preclude summary judgment," that language cannot be construed as a challenge to Defendant's prima facie showing based on the lack of a properly-pled affirmative defense. And even if it could, Wilkinson abandoned any such claim by not developing any *argument* that summary judgment was precluded "as a matter of law." *See Collins v. Collins*, 586 S.W.3d 282, 292 n.7 (Mo. App. W.D. 2019) (finding that allegation of error raised in the point relied on, but not supported by any argument, was deemed abandoned and presented nothing for appellate review). Again, the argument section of Wilkinson's brief is limited to his assertion that there are genuine issues of material fact for a jury to resolve.

Because there is no challenge to Defendant's prima facie showing in Wilkinson's brief, this Court shall not consider that allegation of error, even though a prima facie showing is a threshold requirement for any movant's entitlement to summary judgment. *See* Rule 84.13(a). In *Great Southern Bank,* for instance, none of the appellant's points challenged the movant's prima facie showing of a right to summary judgment. 497 S.W.3d at 829. The court noted that unbriefed allegations of errors shall not be considered pursuant to Rule 84.13(a) and declined to address whether the movant had made its prima facie showing. *Id.* at 829-30 & nn.2, 4. Likewise, in *Schnurbusch*, several of the appellants' points raised claims of error based solely on the existence of disputed facts. 571 S.W.3d at 202. The court found that, because the question of whether there is a genuine dispute of facts "does not arise in a Rule 74.04 analysis unless and until the [movant] has made a prima facie showing of a right to judgment, [the appellants'] points necessarily implicitly presuppose that, based upon the [movant's] stated material facts, it made a prima facie showing of a right to summary judgment[.]" *Id.* Therefore, the court noted, those points did not

contain a challenge to the movant's prima facie showing and it would not address that issue, citing to Rule 84.13(a). *Id.* at 202 n.6.[5]

The same is true here: not only is there no explicit challenge to Defendant's prima facie showing in Wilkinson's brief, the claim he does attempt to raise—that there is a genuine dispute of facts—"necessarily implicitly presupposes" that Defendant *made* its prima facie showing in this case. *Id*. at 202. Wilkinson has *never* argued—to the trial court or to this Court—that Defendant failed to make a prima facie showing of a right to judgment because its motion was based on an unpled affirmative defense. And Defendant has had no opportunity to respond to this argument. The majority's decision to reverse the summary judgment on this basis has been made without *any* input from the parties.

It is one thing to engage in *ex gratia* review of a brief containing minor deficiencies that do not impede our understanding of the issues so that we can render a decision on the merits. It is quite another to gratuitously review the trial court record and *sua sponte* craft an allegation of error that has never been addressed by either party. *Ex gratia* review of the trial court's judgment on an allegation of error that "was not briefed or raised on appeal" is "improper" under Rule 84.13(a).[6] *Planned Parenthood of St. Louis Region v. Knodell*, 685 S.W.3d 377, 386 (Mo. banc 2024) (declining to review an aspect of the trial court's judgment that the appellant did not appeal).

"An appellate court's role is to review specifically challenged trial court rulings, not to sift through the record to detect possibly valid arguments." *Smith v. City of St. Louis*, 395 S.W.3d 20,

---

[5] The appellants in *Schnurbusch* did challenge a limited aspect of the movant's prima facie showing in a separate point on appeal—claiming that the movant had not properly pled the affirmative defense on which it relied in its motion— but they did not take issue with any of the material facts on which the motion was based. 571 S.W.3d at 199. Thus, in reviewing that point on appeal, the Southern District only addressed the limited question regarding the pleading of the affirmative defense and did not consider any other issues regarding the prima facie showing since they were not raised in the appellants' brief. *Id.* at 202 n.6.

[6] While Rule 84.13(c) allows appellate courts to engage in plain error review of unbriefed issues, courts rarely exercise that discretion in civil cases and then only to correct a manifest injustice or a miscarriage of justice. *See Clark v. Missouri Lottery Comm'n*, 463 S.W.3d 843, 849 n.11 (Mo. App. W.D. 2015). It is certainly not warranted here.

29 (Mo. banc 2013). "This *narrow* role reflects the interwoven policy interests governing appellate review, including the reviewing court's duty not to act as advocate for any party; the efficient use of judicial resources; notice and fairness to the parties; judicial decision-making based on fully-briefed issues; and the law's preference for finality of judgments." *TracFone Wireless, Inc. v. City of Springfield*, 557 S.W.3d 439, 445 (Mo. App. S.D. 2018) (emphasis in original); *see also Planned Parenthood*, 685 S.W.3d at 386 (recognizing that refraining from making appellants' arguments for them guarantees that the other party has notice and an opportunity to respond to the argument in its brief).

In sum, Rule 84.13(a) limits this Court's review to the allegation of error Wilkinson raises in his brief. I would affirm the summary judgment because Wilkinson did not present a cogent argument for reversal based on facts properly in the record via Rule 74.04. *See Switzer Living Tr., U/A Dated Feb. 5, 2019 by & Through Switzer v. Lake Lotawana Ass'n, Inc.*, 687 S.W.3d 476, 484-86 (Mo. App. W.D. 2024).

_____
MICHAEL E. GARDNER, Judge

8